RAYMOND L. FUNAIOLI *v.* CITY OF
NEW LONDON ET AL.
(AC 17789)

Landau, Sullivan and Kulawiz, Js.

Argued December 9, 1998—officially released March 9, 1999

*Dominic S. Piacenza*, for the appellant (plaintiff).

*Richard Bartlett*, with whom, on the brief, was *Timothy E. Welsh*, for the appellees (defendants).

*Opinion*

SULLIVAN, J. The plaintiff, Raymond L. Funaioli, appeals from the decision rendered by the workers'

compensation review board (board) reversing the commissioner's decision in the plaintiff's favor. The dispositive issue in this appeal is whether an employer's first report of injury form and an attorney's letter taken together meet the statutory requirement of a written notice of claim. We reverse the board's decision.

An examination of the board's record discloses the following facts. During a routine physical examination in March, 1987, the plaintiff was diagnosed with hypertension, for which his physician prescribed medication. In March, 1988, at the suggestion of the police union, the plaintiff hired the firm of Flynn & Flynn, P.C., to represent him in his hypertension claim.[1]

A claimant for workers' compensation benefits must provide both notice of injury; General Statutes § 31-294b, formerly § 31-294;[2] and notice of a claim. General Statutes § 31-294c, formerly § 31-294.[3] General Statutes

[1] It appears from the record that the plaintiff hired Paul Flynn. Paul Flynn's brother and law partner, Charles Flynn, also played a role in the case. Although the case file was Paul Flynn's, it was Charles Flynn who signed the form 15 and testified before the commissioner.

[2] General Statutes § 31-294b provides: "Any employee who has sustained an injury in the course of his employment shall immediately report the injury to his employer, or some person representing his employer. If the employee fails to report the injury immediately, the commissioner may reduce the award of compensation proportionately to any prejudice that he finds the employer has sustained by reason of the failure, provided the burden of proof with respect to such prejudice shall rest upon the employer."

[3] General Statutes § 31-294c provides in relevant part: "(a) No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. Notice of a claim for compensation may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident, or

(Rev. to 1987) § 31-294, now §§ 31-294b and 31-294c, requires "a written notice of claim . . . [that states] in simple language, the date and place of the accident and the nature of the injury resulting therefrom, or the date of the first manifestation of a symptom of the occupational disease and the nature of such disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. . . ."

Paul Flynn sent a letter to the second district workers' compensation commissioner and to the chairman of the workers' compensation commission that stated: "Enclosed you will find a WC Form 15 with reference to the above-named Claimant. We are not requesting a hearing at this time." The letter to the commissioner bore the heading: "RE: Raymond Funaioli versus the City of New London, 7-433c claim, 3/27/87." The letter to the chairman did not include the words "7-443c claim, 3/27/87." Included with the letter was a workers' compensation employer's first report of occupational injury or disease form 15, which was signed by Charles Flynn. Charles Flynn testified that it was the firm's common practice to use a form 30C notice of claim and that he had never before used form 15 for notice of claim purposes. A clerical worker for the commission testified that the receipt of a form 30C results in the creation of a file for a claim whereas the receipt of a form 15 does not.

The plaintiff did not file a form 30C notice of claim until 1992 through a new attorney, Dominic Piacenza. The commissioner found that the form 15 and cover letter constituted sufficient notice and thus tolled the one year statutory limit for filing a notice of claim. The

the date of the first manifestation of a symptom of the occupational disease and the nature of the disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. . . ."

board reversed the commissioner's decision, and this appeal followed.

The plaintiff claims on appeal that the board improperly reversed the commissioner's determination that the documents filed by the plaintiff satisfied the statutory requirement of a written notice of a claim. We agree.

"[T]he power and duty of determining the facts rests on the commissioner, who is the trier of fact. *Fair* v. *People's Savings Bank*, 207 Conn. 535, 539 [542 A.2d 1118] (1988), citing *Czeplicki* v. *Fafnir Bearing Co.*, 137 Conn. 454, 457 [78 A.2d 339] (1951). This authority to find the facts entitles the commissioner to determine the weight of the evidence presented and the credibility of the testimony offered by lay and expert witnesses. *Tovish* v. *Gerber Electronics*, 32 Conn. App. 595, 599 [630 A.2d 136] (1993), appeal dismissed, 229 Conn. 587 [642 A.2d 721] (1994). On review, the commissioner's conclusions must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. The commissioner's findings can be changed only if they contain facts found without evidence or fail to include material facts which are admitted and undisputed. *Webb* v. *Pfizer, Inc.*, 14 Conn. Workers' Comp. Rev. Op. 69, 70–71, 1859 CRB-5-93-9 (May 12, 1995)." *Kincaid-Ross* v. *State*, 3350 CRB-1-96-5 (December 4, 1997).

Although the board properly noted that a form 15 alone would not meet the notice requirement, the determination of whether a form 15 taken together with Flynn's letter met the notice requirements is ultimately a question of fact.

"The legislature designed the Workers' Compensation Act to further a remedial purpose. . . . The act's

provisions, therefore, should be broadly construed to accomplish its humanitarian purpose." (Citation omitted; internal quotation marks omitted.) *Black* v. *London & Egazarian Associates, Inc.*, 30 Conn. App. 295, 302–303, 620 A.2d 176, cert. denied, 225 Conn. 916, 623 A.2d 1024 (1993). Neither statutory nor decisional law mandates the use of any particular form for the notice of a claim. Id., 303. "[T]he written notice intended is one which will reasonably inform the employer that the employee is claiming or proposes to claim compensation under the Act." *Rehtarchik* v. *Hoyt-Messinger Corp.*, 118 Conn. 315, 317, 172 A. 353 (1934); see also *Hayden-LeBlanc* v. *New London Broadcasting*, 12 Conn. Workers' Comp. Rev. Op. 3 (1995) (filing of group insurance form and insurer's denial constitute written notice of claim considering "totality of circumstances").

The commissioner found that the plaintiff in this case sent a form 15 with a cover letter bearing the heading "RE: Raymond Funaioli versus the City of New London, 7-433c claim, 3/27/98" and indicating that a hearing was not requested. On the basis of that finding, the commissioner concluded that the notice of claim requirement had been met. The board recognized that the commissioner's conclusions rested on findings, yet nonetheless proceeded to reject the commissioner's determination.[4] Because the commissioner's determination is supported by his factual findings, we cannot conclude that he improperly found that the documents submitted by the plaintiff met the notice of claim requirement.

[4] The board's opinion stated: "Even though the elements of § 31-294 might all have been present somewhere in that FRI [First Report of Injury—form 15], the use of that form negated the effect that the content alone might have had on another piece of paper. The accompanying cover letter simply stated that a form 15 was enclosed, and that the 'claimant' was not requesting a hearing at this time. From those documents, an employee of this commission could not infer that the claimant's attorney was attempting to file a claim rather than an injury report. Thus, the trial commissioner decision must be reversed."

The decision of the workers' compensation review board is reversed and the case is remanded with direction to affirm the commissioner's decision.

In this opinion the other judges concurred.