# PAMELA KNOBLAUGH *v.* DANIEL MARSHALL
## (AC 20454)

Schaller, Flynn and O'Connell, Js.

Argued February 23—officially released June 26, 2001

*Neil Johnson,* for the appellant (plaintiff).

*Richard C. Robinson,* for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Pamela Knoblaugh, appeals from the decision of the workers' compensation commissioner (commissioner), rendered in a corrected finding and award, dismissing her complaint that the defendant, Daniel Marshall, a physician, terminated her employment in violation of General Statutes § 31-290a,[1] which prohibits employers from retaliating against employees for pursuing their rights under the Workers' Compensation Act, General Statutes § 31-275 et seq. On appeal, the plaintiff claims that the commissioner improperly revisited the issue of liability after having concluded in a previous hearing that the defendant was liable for violating § 31-290a. Alternatively, the plaintiff claims that the commissioner improperly determined that the defendant did not terminate her employment in violation of § 31-290a. We affirm the decision of the commissioner.

The following facts and procedural history are relevant to our disposition of this appeal. In June, 1989, the plaintiff was employed as an office nurse for the defendant. Part of the plaintiff's duties included placing a full bottle of water on the water cooler when it became empty. While performing that duty on June 24, 1989, the plaintiff injured her back, but failed to mention the incident to anyone in the office on that day. The plaintiff's pain became progressively worse over the weekend. Thereafter, the plaintiff contacted the defendant to inform him that she had injured her back when

---

[1] General Statutes § 31-290a (a) provides: "No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter."

Appeals from the commissioner's decision in an action brought under § 31-290a may be made directly to the Appellate Court. General Statutes § 31-290a (b).

changing the water cooler bottle and that she would need some time off to heal and to seek medical attention. Because of the injury, the plaintiff missed work for one week. She returned to work on the following Monday and, during the week, the defendant did not indicate any displeasure with her. At the end of that week, however, the defendant summoned the plaintiff into his office and dismissed her because she had a back injury that prevented her from performing her duties. The defendant, at that time, did not know of the plaintiff's intention to file a workers' compensation claim.

Thereafter, the plaintiff filed a workers' compensation claim to recover damages for her back injury.[2] She also claimed that the defendant had violated § 31-290a. With respect to the latter claim, commissioner Robin W. Waller held a hearing on the matter. At the hearing, the plaintiff testified that the defendant had violated § 31-290a by dismissing her because she had pursued her rights under the Workers' Compensation Act. The defendant, on the other hand, testified that such a charge could not be valid because he was unaware of the plaintiff's intention to file a workers' compensation claim when he dismissed her. On August 15, 1997, the commissioner issued his initial finding and award. The commissioner found the defendant liable under the statute but did not determine damages.

Subsequently, the defendant filed an appeal with this court. We declined, however, to address the merits of the defendant's appeal. Acting sua sponte, we dismissed the appeal after concluding that the commissioner's August 15, 1997 decision did not constitute a final judgment because damages had not been determined.

---

[2] With regard to that claim, commissioner A. Thomas White found that the plaintiff had suffered a compensable injury while employed by the defendant. The plaintiff's appeal does not, however, involve that decision.

On September 14, 1999, the commissioner conducted a further hearing to determine damages. Although the parties primarily contested the issue of damages during the hearing, the defendant also requested that the commissioner overturn the August 15, 1997 decision regarding liability. On January 6, 2000, the commissioner issued a corrected finding and award in which he reversed his position as to the liability of the defendant. In doing so, the commissioner reasoned that "[s]ince [the plaintiff] did not file her workers' compensation claim until after she was terminated, the [defendant] did not discharge her because she had filed a workers' compensation claim." The commissioner also found that "there is no evidence that the [defendant] discharged her because she had exercised any rights afforded to her pursuant to the Workers' Compensation Act." On the basis of those findings, the commissioner concluded that the plaintiff had failed to meet her burden of proving that the defendant had dismissed her in violation of § 31-290a. The plaintiff now appeals from that decision.

I

The plaintiff initially claims that the commissioner improperly revisited the issue of liability in the subsequent hearing and, thus, the January 6, 2000 corrected finding and award is invalid. According to the plaintiff, the doctrine of res judicata precluded the commissioner from revisiting the issue of liability because he already had determined liability in the original August 15, 1997 finding and award.[3] The plaintiff's claim is without merit.

---

[3] The plaintiff also argues, in a bare assertion devoid of any legal authority, that the commissioner improperly revisited the issue of liability because he did so without providing the plaintiff with notice. Because that claim is inadequately briefed, we decline to review its merits. See *Keeney* v. *Old Saybrook*, 237 Conn. 135, 142 n.7, 676 A.2d 795 (1996); *Commissioner of Environmental Protection* v. *Connecticut Building Wrecking Co.*, 227 Conn. 175, 181 n.4, 629 A.2d 1116 (1993).

The plaintiff's reliance on the doctrine of res judicata is misplaced. "Under the doctrine of res judicata, a *final judgment*, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim." (Emphasis added; internal quotation marks omitted.) *Dowling* v. *Finley Associates, Inc.*, 248 Conn. 364, 373, 727 A.2d 1245 (1999). In the present case, the plaintiff cannot demonstrate that the commissioner's August 15, 1997 decision constituted a final judgment. To the contrary, we already have concluded that the commissioner's August 15, 1997 decision was not a final judgment for purposes of an appeal because damages were not determined. "[T]he traditional standard of finality for purposes of appeal will generally also provide the standard of finality for purposes of preclusion." *CFM of Connecticut, Inc.* v. *Chowdhury*, 239 Conn. 375, 398, 685 A.2d 1108 (1996), overruled in part on other grounds, *State* v. *Salmon*, 250 Conn. 147, 155, 735 A.2d 333 (1999). Accordingly, the doctrine of res judicata did not preclude the commissioner from revisiting the issue of liability.

Furthermore, the doctrine of the law of the case does not preclude a commissioner from changing an interlocutory decision. See *Bowman* v. *Jack's Auto Sales*, 54 Conn. App. 289, 293–94, 734 A.2d 1036 (1999) (applying doctrine of law of case to workers' compensation proceedings). That doctrine provides that "[w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case *may* treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Emphasis added.) *Breen* v. *Phelps*, 186 Conn. 86, 99, 439 A.2d 1066 (1982). "The law of the case . . . is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In

essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied . . . was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment." (Internal quotation marks omitted.) *State* v. *Arena*, 235 Conn. 67, 80, 663 A.2d 972 (1995). Under the doctrine, the commissioner could have treated his August 15, 1997 decision as the law of the case, but he was not bound to treat it as such. We conclude that the commissioner did not improperly revisit the issue of liability in the subsequent hearing and, therefore, the January 6, 2000 corrected finding and award is valid.

II

In the alternative, the plaintiff claims that the commissioner improperly determined that the defendant did not terminate her employment in violation of § 31-290a. She concedes that such a determination is a factual matter but argues that the commissioner's finding on that matter was erroneous. We are not persuaded.

We emphasize that our review of the commissioner's factual findings is very limited. "The commissioner has the power and duty, as the trier of fact, to determine the facts. *Castro* v. *Viera*, 207 Conn. 420, 435, 541 A.2d 1216 (1988). The conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Biasetti* v. *Stamford*, 250 Conn. 65, 71, 735 A.2d 321 (1999).

"The burden of proof in actions involving § 31-290a is stated in *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, 216 Conn. 40, 53, 578 A.2d 1054 (1990), and *Chiaia* v. *Pepperidge Farm, Inc.*, 24 Conn. App. 362, 366, 588 A.2d 652, cert. denied, 219 Conn. 907, 593 A.2d 133 (1991). The plaintiff bears the initial burden of proving by the preponderance of the evidence a prima facie case of discrimination. . . . In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination. . . . If the plaintiff meets this initial burden, the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, nondiscriminatory reason for its actions. . . . If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. . . . The plaintiff then must satisfy [the] burden of persuading the factfinder that [the plaintiff] was the victim of discrimination either directly by persuading the court [or jury] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." (Internal quotation marks omitted.) *Chernovitz* v. *Preston Trucking Co.*, 52 Conn. App. 570, 572–73, 729 A.2d 222 (1999).

In the present case, we conclude that the commissioner reasonably determined that the plaintiff had failed to meet her burden of proving that the defendant violated § 31-290a. The commissioner found that at the time of the plaintiff's dismissal, the defendant was unaware of her intention to file a workers' compensation claim for her injury. During the hearings before the commissioner, the plaintiff did not dispute that fact. Nevertheless, the plaintiff testified that the defendant dismissed her because he believed she would file a claim. The defendant, however, testified that he dis-

missed the plaintiff because she could no longer perform her duties because of the injury.[4] We note that the "authority to find the facts entitles the commissioner to determine the weight of the evidence presented and the credibility of the testimony offered by lay and expert witnesses." (Internal quotation marks omitted.) *Funaioli* v. *New London*, 52 Conn. App. 194, 197, 726 A.2d 626 (1999). Acting within the scope of his duty, the commissioner was free to believe the defendant's testimony regarding the reason for the plaintiff's dismissal. Accordingly, the commissioner properly determined that the defendant did not terminate the plaintiff in violation of § 31-290a.

The decision of the workers' compensation commissioner is affirmed.

In this opinion the other judges concurred.

---

[4] Under § 31-290a, "[a] discriminatory discharge does not include a discharge because the worker is unable to perform his or her work due to a work-related injury . . . ." (Citation omitted.) *Chernovitz* v. *Preston Trucking Co.*, supra, 52 Conn. App. 573.