[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE AND MOTION TO VACATE)
 FACTS
The plaintiff, Mary Fleming, was an employee of the defendant, Stop Shop Co., and was represented by a union. A collective bargaining agreement existed between Stop Shop and the union and provided for a formal grievance procedure. According to the complaint, on February 18, 1994, the plaintiff met with the Stop Shop manager and discussed store policy regarding the staffing of the customer service desk. During a second meeting with the manager that day, the manager told the plaintiff that she was a "troublemaker." The plaintiff contacted a union representative about the meetings with the manager. On February 28, 1994, the manager suspended the plaintiff pending an investigation of alleged time card violations. On June 24, 1994, the plaintiff was arrested on charges of third degree larceny based upon alleged improper and unlawful at the customer service desk. After a jury trial on the criminal charges in September 1995, the plaintiff was found not guilty. The plaintiff told the union representative about her acquittal but following a meeting with Stop Shop managers, the plaintiff was terminated.
The plaintiff filed the suit in the Connecticut Superior Court on March 29, 1996, against the defendants, Stop Shop and the United Food and Commercial Workers' Union, Local 919 (Union). On May 2, 1996, the matter was removed by the defendant, the Union, to the United States District Court, District of Connecticut. On May 31, 1996, the defendant, Stop Shop, filed a motion to dismiss, which was denied by the Honorable Alan H. Nevas on March 31, 1997. On February 11, 1999, the District Court, Nevas, J., granted the Union's motion for summary judgment. Stop Shop's motion for summary judgment was denied without prejudice and was remanded to the Superior Court to rule on the plaintiff's state law claims.
On April 7, 2000, the plaintiff filed a two count amended complaint against Stop Shop in the Superior Court, alleging counts of negligent infliction of emotional distress and false light/invasion of privacy. On July 20, 2000, the defendant filed an answer and seventeen special defenses. The plaintiff filed a motion to strike the special defenses on December 11, 2000. On May 7, 2001, the court, McLachlan, J., granted the motion to strike the special defenses because no objection had been filed to the motion to strike. On May 21, 2001, the defendant filed a motion to vacate the order granting the motion to strike along with the objection to the motion to strike.[1]
CT Page 12449
 DISCUSSION
A. Motion to Strike Standard
"Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer . . . or any part of that answer including any special defenses . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "The trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). See also Barasso v. Rear Still Hill Road, L.L.C., 64 Conn. App. 9, 13,___ A.2d ___ (2001). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1,17, 730 A.2d 1128 (1999). "Furthermore, [a] motion to strike . . . does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293
(1997). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleadings] and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v. Grigsby,215 Conn. 345, 348 (1990).
B. Second Special Defense
The second special defense alleges that "this court lacks subject matter jurisdiction over Fleming's claims against Defendant." "Any defendant, wishing to contest the court's jurisdiction, may do so . . . by filing a motion to dismiss." Practice Book § 10-30.
A special defense that is merely a bare legal conclusion labeled as a special defense, where there is no indication as to the basis for the claim of lack of jurisdiction and the defendant has failed to plead any facts in support of its special defense, the court may grant the motion to strike the special defense. Omnipoint Communications v. GuilfordPlanning Zoning, judicial district of New Haven at New Haven, Docket No. 444674 (April 23, 2001, Downey, J.). The defendant in the present case has not pleaded any facts or provided any reason for the claim of lack of subject matter jurisdiction beyond a mere legal conclusion. Therefore, because "[a] motion to strike . . . does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings," Faulkner v. United Technologies Corp., supra, 240 Conn. 588, CT Page 12450 and "a trial court must take the facts to be those alleged in the [pleadings] and cannot be aided by the assumption of any facts not therein alleged," Liljedahl Brothers, Inc. v. Grigsby, supra, 215 Conn. 348, the plaintiff's motion to strike the second special defense is granted.
C. The Third Fourth Special Defenses
The third special defense alleges that "Counts one and two are preempted by § 10 of the National Labor Relations Act,29 U.S.C. § 160." The fourth special defense alleges that "Counts one and two are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185." The plaintiff argues that the third and fourth special defenses should be stricken because the issue of whether the plaintiff's claims are preempted have been thoroughly argued and conclusively decided by the United States District Court.[2]
Based on the status of the pleadings, viewing the special defenses in the light most favorably to the pleading party, the defendant has plead with legal sufficiency the third and fourth special defenses. Therefore, the plaintiff's motions to strike the third and fourth special defenses are denied
D. The Fifth Special Defense
The fifth special defense alleges that the plaintiff's claims against the defendant "are barred by the appropriate statute of limitations." The special defense of statute of limitations must be specially pleaded. Practice Book § 10-50. The defendant has not alleged facts to support the legal sufficiency of the fifth special defense, therefore, the plaintiff's motion to strike the fifth special defense is granted.
E. The Eleventh Special Defense
The eleventh special defense alleges that the plaintiff's claims are "barred by the Workers' Compensation Act, C.G.S. § 31-284 (a)."[3]
The plaintiff argues that this special defenses should be stricken because the issue of whether the plaintiff's claims are barred by the Workers' Compensation Act have been thoroughly argued and conclusively decided by the United States District Court.[4]
Based on the status of the pleadings, viewing the special defenses in the light most favorably to the pleading party, the defendant has plead with legal sufficiency the eleventh special defense. Therefore, the plaintiff's eleventh special defense is denied.
F. Special Defenses Fifteen and Sixteen
CT Page 12451
Special defense fifteen and sixteen allege that the plaintiff's claims are barred by the doctrine of collateral estoppel and res judicata, respectively, based on the ruling and judgment on the motion for summary judgment entered by the District Court, Nevas, J.
"Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." (Internal quotations marks omitted.) State v. Crawford, 257 Conn. 769,781, ___ A.2d ___ (2001). "Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." RRPool Patio, Inc. v. Zoning Board of Appeals, 257 Conn. 456, 466,___ A.2d ___ (2001).
"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." Daw v. Zoning Board of Appeals of Westport,63 Conn. App. 176, 182, ___ A.2d ___ (2001). "Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim." Knoblaugh v. Marshall, 64 Conn. App. 32,36, ___ A.2d ___ (2001).
The plaintiff argues that the special defenses of collateral estoppel and res judicata should be stricken because the plaintiff's claims were not been fully and fairly litigated. The plaintiff argues that the District Court's ruling on the motion to dismiss held that the plaintiff's claims were not preempted by the collective bargaining agreement. The defendant argues that plaintiff's claims could have been resolved through the procedures set forth in the collective bargaining agreement, that the District Court already held that the plaintiff failed to exhaust her administrative remedies under the collective bargaining agreement as to the defendant, the Union, thus, the defendant argues that the plaintiff has had an opportunity to fully and fairly litigate the issues involved in the present case. The special defenses of collateral estoppel and res judicata have been properly raised by the defendant. Therefore, the plaintiff's motions to strike the fifteenth and sixteenth CT Page 12452 special defenses are denied.
 CONCLUSION
The plaintiff's motions to strike the second and fifth special defenses is granted. The plaintiff's motions to strike the third, fourth, eleventh, fifteenth and sixteenth special defenses are denied.
McLachlan, J.