[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
 FACTS
The plaintiff, Reza Farahani, filed this three count complaint sounding in unlawful termination on July 6, 2001, against the defendants, Mansoor Sarafarazi, the plaintiffs professor and supervisor, and the University of Connecticut Health Center (UConn). Count one brought against UConn alleges a violation of General Statutes § 46a-60 (a)(1) in terminating the plaintiff because of his disability and work-related CT Page 8835 injuries. Count two brought against Sarafarazi in his official and individual capacity, under 42 U.S.C. § 1983 claims plaintiffs right to due process and equal protection was violated. Count three brought against UConn under General Statutes § 31-290a alleges discrimination against the plaintiff because of a work-related injury and/or a workers' compensation claim.
The defendants filed a prior motion to strike all three counts and the plaintiffs claim for injunctive relief on October 23, 2001, which was granted by the court, Rittenband, J.T.R., on November 13, 2001, on the basis that the plaintiff failed to appear and did not file a brief in response, but instead filed an amended complaint, to which the defendants had an objection. Subsequently, the plaintiff filed a substituted complaint on January 25, 2002, alleging violations virtually identical to those in the original complaint. Defendants' filed this motion to strike on February 20, 2002, as to all counts of the substituted complaint along with the plaintiffs prayer for injunctive relief.
 I.
Count one is brought against UConn and alleges a violation of General Statutes § 46a-60 (a)(1), which provides in relevant part: "(a) It shall be a discriminatory practice in violation of this section: (1) For an employer . . . to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions, or privileges of employment because of the individual's . . . physical disability." The defendant argues that count one fails to state a claim for which relief can be granted in that § 46a-60 (a)(1) does not provide protection for work-related injuries and that the plaintiffs claim is reduced to conclusory allegations that he had a disability when he was hired, that the defendants' were aware of his disability and that he was terminated in part due to his disability but no facts are alleged to support those statements.
General Statutes § 46a-51 (15) provides that a "physical disability" refers to any individual who has any chronic physical infirmity or impairment, whether congenital or resulting from bodily injury, processes or changes from illness. The plaintiff alleges that he suffers from a physical disability due to a hip replacement, asthma and carnal tunnel syndrome. All of these injuries qualify under § 46a-51
(15) as a physical disability. See Infante v. Thomas, Superior Court, judicial district of New Haven, Docket No. CV 97 0395925 (June 20, 2001,Moran, J.); Earley v. Maryland Casualty Co., Superior Court, judicial district of Hartford, Docket No. CV 97 0567497 (October 3, 1997,DiPentima, J.). CT Page 8836
Plaintiff alleges that Sarafarazi refused to provide reasonable accommodation with respect to his asthma and that he was terminated due in part to his disability. Plaintiff further alleges that Sarafarazi was acting within his scope as director of the lab and was an agent of UConn. In considering a motion to strike, the court must take as true the facts alleged, including those "facts necessarily implied and fairly provable under the allegations." Westport Bank Trust Co. v. Corcooran,Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). In the present case, the plaintiff alleges facts which, if true, are sufficient to show that he was physically disabled under the statute, that he requested reasonable accommodation and that he was terminated in part due to his disabilities. The motion to strike count one of the plaintiffs complaint is denied.
 II.
Sarafarazi moves to strike count two which alleges violation of due process and equal protection on the ground that it fails to state a claim on which relief can be granted under 42 U.S.C. § 1983 because the plaintiff failed to allege: 1) his alien status; 2) purposeful discrimination; and 3) differential treatment from those similarly situated. The plaintiff argues that his termination without a pre-termination hearing was a violation of due process and that the following allegations support his equal protection claim: 1) he was threatened with loss of his resident alien status if he objected to the hours of employment and working conditions in the lab; he was forced to work excessive hours under the threat of loss of his resident alien status; he was also discriminated against because of his physical disability in that the defendant refused to provide reasonable accommodation upon request and that he was retaliated against and terminated in part because of his disability.
"[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." D'Amico v. Johnson, 53 Conn. App. 855, 859-60,733 A.2d 869 (1999). In the present case, the plaintiff sufficiently alleges that Sarafarazi was acting under color of law. With regard to the equal protection claim, although plaintiff fails to allege facts which demonstrate that he was treated differently than any other employee similarly situated, he has sufficiently alleged, his resident alien status, a protected status, and that he was allegedly discriminated against during his employment based on this status as well as his physical disabilities. It is concluded that plaintiff has sufficiently CT Page 8837 alleged potential violations of the equal protection clause but has failed to allege facts establishing that he was entitled to a pre-termination hearing. Motion to strike count two with regard to the due process claim is granted, but denied as to the equal protection claim.
 III.
In count two, the plaintiff seeks injunctive relief prohibiting Sarafarazi from continuing to violate the civil rights of postdoctoral fellows. The defendant moves to strike this prayer for relief because the plaintiff is no longer employed by UConn and therefore he is not entitled to an injunction. A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. Walton v. New Hartford, 223 Conn. 155, 165, 612 A.2d 1153 (1995). The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted. Kessler v. Securitylink from Ameritech, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 00071451 (January 29, 2001, Nadeau, J.). Defendant's request to strike the prayer for injunctive relief is granted.
 IV
UConn moves to strike count three of the complaint on the ground that it fails to state a claim for which relief can be granted under General Statutes § 31-290a, which is designed to protect claimants who suffer from work related injuries and/or file for workers' compensation benefits. As discussed earlier, the plaintiff alleges that he suffered from work related injuries and that he was terminated due to these injuries. UConn argues that to violate this statute, it must have known of the plaintiffs intent to file a claim for workers' compensation in order to have terminated him for exercising his rights, citing Knoblaughv. Marshall, 64 Conn. App. 32, 779 A.2d 218, cert. denied, 258 Conn. 916,782 A.2d 1243 (2001). In that case, a workers' compensation commissioner reasonably determined that employer did not fire employee in retaliation for filing workers' compensation claim, based on finding that at time of employee's dismissal, employer was unaware of her intention to file workers' compensation claim. UConn argues that there is no allegation that it was aware of the plaintiffs intent.
General Statutes § 31-290a provides in relevant part that "[n]o employer . . . shall discharge . . . or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter." In count three, the plaintiff alleges that he suffered from work related injuries and that prior to his CT Page 8838 termination, his doctor placed him on restrictive duty. On April 18, 2000, the plaintiff filed a Notice of Claim for workers' compensation, which is currently pending before the workers' compensation commission. On April 20, 2000, the plaintiff was terminated. Noting that the court must take as true the facts alleged, including those "facts necessarily implied and fairly provable under the allegations"; Westport Bank TrustCo. v. Corcooran, Mallin Aresco, supra, 221 Conn. 495; the fact that the plaintiff filed a workers' compensation claim prior to termination, along with the allegations of his request for reasonable accommodation and that his doctor recommended restrictive duty, rendering this court sufficient under § 31-290a.
Motion to strike claims for violation of due process and injunctive relief in count two granted.
Motion to strike counts one and three and equal protection claims under count two denied.
Wagner, JTR