******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# FIELDHOUSE *v.* REGENCY COACHWORKS, INC., ET AL.
## (AC 44225)

Bright, C. J., and Alvord and DiPentima, Js.*

*Syllabus*

Pursuant to statute (§ 31-294c (a)), no proceedings for workers' compensation shall be maintained unless a written notice of claim for compensation is given, inter alia, within one year of the date of the accident that caused the personal injury.

The defendant employer appealed to this court from the decision of the Compensation Review Board reversing the decision of the Workers' Compensation Commissioner denying and dismissing, for lack of subject matter jurisdiction, the plaintiff employee's claim for workers' compensation benefits. During the course of her employment with the defendant, the plaintiff was injured, and, thereafter, the plaintiff's direct supervisor advised the plaintiff to submit a workers' compensation claim when her pain did not resolve. Subsequently, the plaintiff visited the defendant's workers' compensation insurance agency, P Co., in person, after it failed to return her calls requesting to file a claim. At P Co., the plaintiff stated that she wanted to file a claim and a P Co. employee, F, told her not to worry because she had two years to file a claim. F assisted the plaintiff with completing a first report of injury and told the plaintiff that she would file the claim for the plaintiff. The plaintiff thereafter received a phone call from the defendant's workers' compensation insurer, B Co., and the plaintiff provided a recorded statement about the incident and the treatment she had received. Shortly thereafter, the plaintiff received correspondence from B Co. indicating that the insurer had opened a claim and assigned a claim number for the plaintiff's date of injury. B Co. also enclosed in that correspondence a pharmacy card. The defendant subsequently filed a form 43 contesting both the jurisdiction and compensability of the plaintiff's claim. The plaintiff did not file a form 30C notice of claim or request a hearing within one year of the injuries she had sustained, as required by § 31-294c. The commissioner determined that, because the plaintiff failed to meet the statutory notice requirement for filing a claim for workers' compensation benefits set forth in § 31-294c (a) and failed to satisfy an exception to the notice requirement set forth in § 31-294c (c), the Workers' Compensation Commission lacked subject matter jurisdiction. On appeal, the board, inter alia, reversed the commissioner's decision, concluding that the commissioner misapplied the totality of the circumstances standard and that the plaintiff substantially complied with the statutory notice provisions such that the defendant was provided with constructive notice of the claim. On the defendant's appeal to this court, *held* that the board properly reversed the commissioner's decision, the board having properly determined that the totality of the circumstances indicated that the plaintiff substantially complied with the statutory notice provisions of § 31-294c (a): the defendant had sufficient notice that the plaintiff was pursuing or intended to pursue a workers' compensation claim and the prerequisites for establishing the commission's subject matter jurisdiction over a claim were met as the plaintiff had filed a first report of injury form, provided a recorded statement to B Co., and received correspondence from B Co. regarding her claim within one year of the date of injury, which indicated that it had opened a claim and assigned a claim number for the plaintiff.

Argued November 10, 2021–officially released July 12, 2022

*Procedural History*

Appeal from the decision of the Workers' Compensation Commissioner for the Second District denying and dismissing the plaintiff's claim for workers' compensation benefits for lack of subject matter jurisdiction, brought to the Compensation Review Board, which

reversed the commissioner's decision, from which the named defendant appealed to this court. *Affirmed.*

*David C. Davis,* for the appellant (named defendant).

*Lawrence C. Sgrignari,* for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant Regency Coachworks, Inc.,[1] appeals from the decision of the Compensation Review Board (board) reversing the decision of the Workers' Compensation Commissioner for the Second District (commissioner) determining that the plaintiff, Linda Fieldhouse, failed to satisfy the notice requirement set forth in General Statutes § 31-294c and that her claim for workers' compensation benefits failed to satisfy an exception to the notice requirement as set forth in § 31-294c (c). On appeal, the defendant claims that the board erred, as a matter of law, in concluding that the commissioner misapplied the totality of the circumstances standard and that the plaintiff had substantially complied with the notice requirements such that the defendant was provided with constructive notice of the claim. We affirm the decision of the board.

The following facts, as found by the commissioner, and procedural history are relevant to our resolution of this appeal. On November 27, 2015, in the course of her employment for the defendant, the plaintiff fell down several stairs. The fall caused her to hit her head on the door at the bottom of the stairs, hit her knee on something, and bend her foot. She was unable to get up from the floor on her own, and her direct supervisor on that date, Robert Charland, had to help her. He assisted her up the stairs to her office where she sat down at her desk; however, after a few hours, she realized that the pain was not receding. After she informed Charland about her pain, he gave her permission to leave. The plaintiff left the office and drove herself to an urgent care clinic in Enfield.

At some point following the incident, the plaintiff told Charland that, because she was not getting any better, she was considering filing a workers' compensation claim, and he advised her to do so. Thereafter, she called the defendant's workers' compensation insurance agency, Paradiso Insurance Agency (agency), and told a representative that she needed to file a claim. On November 16, 2016, after previously leaving several messages in an attempt to make an appointment, the plaintiff visited the agency in person as its office is located just one street over from the defendant's office. At the agency, the plaintiff specifically stated that she wanted to file a workers' compensation claim, but an agency employee, Stephanie Fanelli, told her not to worry because she had two years to file a claim. Fanelli also helped her to complete a first report of injury and told the plaintiff that she would file the claim for her.

Because the plaintiff was unaware of the specific time frame for filing a workers' compensation claim, she relied on Fanelli's statement that she had two years to file a claim and that Fanelli would file the claim. The plaintiff believed that the first report of injury that she

had completed with Fanelli initiated her claim. After that report was completed, she received a number of communications from the defendant's workers' compensation insurer, BerkleyNet Underwriters, LLC (BerkleyNet), which she thought meant that her claim had been opened. First, on November 22, 2016, the plaintiff received a telephone call from a BerkleyNet representative, to whom she gave an approximately twenty-five minute long recorded statement. The plaintiff believed that her recorded statement provided BerkleyNet with information about the incident and the treatment she had received, allowing her to continue her claim. Shortly thereafter, the plaintiff also received correspondence from BerkleyNet, dated November 22, 2016, indicating that the insurer had opened a claim and assigned a claim number for a date of injury of November 27, 2015, and enclosed a pharmacy card. The plaintiff then received a letter, dated March 27, 2017, stating in relevant part: "In accordance with your [w]orkers' [c]ompensation claim from Friday, November 27, 2015, BerkleyNet . . . has arranged for you to be examined . . . ." The wording of this letter solidified the plaintiff's belief that she had a pending workers' compensation claim that had been commenced on November 16, 2016. Moreover, on May 4, 2017, the plaintiff received correspondence welcoming her to the BerkleyNet pharmacy program, along with a second pharmacy card. As of the date of the formal hearing on November 20, 2018, however, the plaintiff had not received any workers' compensation benefits.

At trial, the defendant did not dispute that an incident occurred at the workplace on November 27, 2015. It argued, however, that the Workers' Compensation Commission (commission) was deprived of subject matter jurisdiction because (1) the plaintiff did not file a notice of claim (form 30C)[2] within one year from the date of injury and (2) none of the statutory exceptions to that requirement were satisfied. In opposition, the plaintiff asserted that, under the totality of the circumstances, the defendant was aware of her claim within one year of her date of injury.

The commissioner took administrative notice of a form 30C dated June 29, 2017, which was received by the commission on July 3, 2017, and a second copy of the same form 30C, which was received by the commission on July 26, 2017. The commissioner also took administrative notice of a denial of claim (form 43)[3] that was received by the commission on July 26, 2017, in which the defendant challenged both jurisdiction and compensability. Additionally, the commissioner took administrative notice of the fact that the first hearing request was received from the plaintiff on July 28, 2017, and that the first hearing was held on August 21, 2017. The commissioner then made the following findings: the plaintiff failed to file a form 30C within one year of November 27, 2015, her date of injury; no hearing

was requested and none was held within one year of November 27, 2015; no voluntary agreement was ever issued; and the defendant and BerkleyNet did not provide the plaintiff with any medical or surgical care.

Ultimately, the commissioner determined that, because the plaintiff failed to meet the statutory notice requirements for filing a claim for workers' compensation benefits set forth in § 31-294c, the commission lacked subject matter jurisdiction. Therefore, the commissioner denied and dismissed the plaintiff's claim. Subsequently, on appeal, the board concluded that the commissioner misapplied "the totality of circumstances standard" and that "[t]he actions taken by [BerkleyNet] on and after November 22, 2016, serve[d] to demonstrate that the claimant's interactions with her immediate supervisor, coupled with her personal appearance at the workers' compensation insurance agency with the express intention of filing a workers' compensation claim, reflect that the claimant substantially complied with the statutory notice provisions such that the [defendant was] provided with constructive notice of this claim."

On appeal to this court, the defendant asserts that the board erred, as a matter of law, in reversing the commissioner's decision because " 'totality of circumstances' or 'substantial compliance' are not statutory exceptions to the notice requirement as set forth in the plain language of the [Workers' Compensation Act (act), General Statutes § 31-275 et seq.]." More specifically, the defendant contends that the commission is a body created by statute, whose jurisdiction is outlined by the legislature, and it is legal error to carve out another exception to the notice of claim requirements of § 31-294c (a). Thus, the defendant argues that, without proper notice, the commission lacked subject matter jurisdiction. We disagree.

We first set forth our standard of review and the general principles applicable to workers' compensation appeals. "The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Neither the . . . board nor this court has the power to retry [the] facts. It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board. . . . The commissioner has the power and duty, as the trier of fact, to determine the facts. . . . Our scope of review of the actions of the board is similarly limited. . . . The role of this court is to determine whether the review [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . .

"Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Because the filing of a notice of claim implicates the [commission's] subject matter jurisdiction . . . we review this determination applying a plenary standard of review." (Citation omitted; internal quotation marks omitted.) *Izikson* v. *Protein Science Corp.*, 156 Conn. App. 700, 707, 115 A.3d 55 (2015).

Section 31-294c (a) provides in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident . . . ." Our Supreme Court has explained that "[f]iling a notice of claim or . . . satisfaction of one of the . . . exceptions [contained in § 31-294c (c)] is a prerequisite that conditions whether the [commission] has subject matter jurisdiction under the [act]." (Internal quotation marks omitted.) *Veilleux* v. *Complete Interior Systems, Inc.*, 296 Conn. 463, 468, 994 A.2d 1279 (2010).

"Furthermore, [i]t is well established that, in resolving issues of statutory construction under the [act], we are mindful that the act indisputably is a remedial statute that should be construed generously to accomplish its purpose. . . . The humanitarian and remedial purposes of the act counsel against an overly narrow construction that unduly limits eligibility for workers' compensation. . . . Accordingly, [i]n construing workers' compensation law, we must resolve statutory ambiguities or lacunae in a manner that will further the remedial purpose of the act. . . . [T]he purposes of the act itself are best served by allowing the remedial legislation a reasonable sphere of operation considering those purposes." (Citation omitted; internal quotation marks omitted.) *DeJesus* v. *R.P.M. Enterprises, Inc.*, 204 Conn. App. 665, 677–78, 255 A.3d 885 (2021).

"Administrative agencies [such as the commission] are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves. . . . The plain language of the [act] . . . requires one of four possible prerequisites to establish the [commission's] subject matter jurisdiction over a claim: (1) a timely written notice of claim; General Statutes § 31-294c (a); (2) a timely hearing or a written request for a hearing or an assignment for a hearing; General Statutes § 31-294c (c); (3) the timely submission of a voluntary agreement; General Statutes § 31-294c (c); or (4) the furnishing of appropriate medical care by the employer to the employee for the respective work-related injury." (Citation omitted; internal quotation marks omitted.) *Izikson* v. *Protein*

*Science Corp.*, supra, 156 Conn. App. 708.

We begin our analysis with § 31-294c, which establishes the filing periods for notices of claim with respect to workers' compensation injuries. As stated previously, for the commission to have jurisdiction over a claim for workers' compensation benefits, § 31-294c (a) requires a claimant to file a "written notice of claim for compensation . . . within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be . . . ."

"Although a form 30C is the standard form used to provide notice of an employee's intent to pursue a workers' compensation claim, § 31-294c (a) does not require a plaintiff to draft his or her written notice of claim with absolute precision. . . . The legislature designed the [act] to further a remedial purpose. . . . The act's provisions, therefore, should be broadly construed to accomplish its humanitarian purpose. . . . The purpose of [§ 31-294c], in particular, is to alert the employer to the fact that a person has sustained an injury that may be compensable . . . and that such person is claiming or proposes to claim compensation under the [a]ct. . . . Furthermore, the statute's requirement that the plaintiffs use simple language when issuing a notice of claim indicates that the legislature intended to facilitate lay persons who pursue their claims without the advice of counsel. . . .

"In light of the foregoing principles, our case law has recognized that an employee satisfies the notice of claim requirement of § 31-294c (a) if, under the totality of the circumstances, he or she provides written notice that is in substantial compliance with the notice content requirements of [§ 31-294c (a)]." (Citations omitted; internal quotation marks omitted.) *Izikson* v. *Protein Science Corp.*, supra, 156 Conn. App. 708–709.

For example, in *Funaioli* v. *New London*, 52 Conn. App. 194, 195, 726 A.2d 626 (1999), the plaintiff attended a routine physical examination in March, 1987, during which he was diagnosed with hypertension. One year later, the plaintiff hired a law firm to represent him; id.; and the plaintiff's attorney "sent a letter to the second district workers' compensation commissioner and to the chairman of the workers' compensation commission that stated: 'Enclosed you will find a [first report of occupational injury or disease] with reference to the above-named Claimant. We are not requesting a hearing at this time.' " Id., 196. Notably, "[t]he plaintiff did not file a form 30C notice of claim until 1992 through a new attorney . . . ." Id. This court, however, held that the letter from the plaintiff's attorney stating that the claimant was not requesting a hearing "at this time" along with the first report of injury, were sufficient to satisfy the notice requirement of § 31-294c. Id., 196, 198.

Conversely, in *Izikson*, after the plaintiff was injured in the course of his employment with the defendant, he notified his supervisor, who filled out a first report of injury form and transmitted it to the employer's insurance provider. *Izikson* v. *Protein Science Corp.*, supra, 156 Conn. App. 702. The supervisor then informed the plaintiff that the insurance provider wanted to speak with him and that the plaintiff should contact the insurance provider directly to learn more about the process of pursuing a workers' compensation claim. Id., 702–703. The plaintiff received a prescription card in the mail from the insurance provider, but the accompanying letter did not indicate that it had accepted any claim. Id., 703. A form 30C was never filed, and the plaintiff never requested a hearing within one year of his injury. Id. Subsequently, more than one year after the injury occurred, the plaintiff filed a claim for workers' compensation benefits. Id., 704. His claim was dismissed as untimely by the commissioner and that dismissal subsequently was affirmed by the board. Id., 705. This court held that the board properly affirmed the commissioner's determination because the plaintiff failed to comply with the notice of claim requirement of § 31-294c (a), as he "failed to provide any sort of written notice informing the defendants that he was pursuing or intended to pursue a workers' compensation claim." Id., 712. Most notably, this court found the following facts, among others, to be determinative: the supervisor, not the plaintiff, filed the first report of injury form; the plaintiff never sent any e-mail or other correspondence mentioning an intent to file a claim; and the plaintiff never contacted the insurance provider, even after his supervisor suggested that he do so. Id.

In the present case, unlike in *Izikson*, when Charland told the plaintiff to go ahead and file a claim with the agency, the plaintiff, after many unsuccessful attempts to contact the agency, visited the agency in person and, at that time, was able to file her first report of injury form. Similar to the plaintiff in *Izikson*, however, the plaintiff in the present case believed that a claim had been opened when she received a letter and pharmacy card from BerkleyNet, dated November 22, 2016.[4] But, unlike in *Izikson*, in the present case, the plaintiff received the letter and pharmacy card from BerkleyNet as a direct result of her efforts to initiate and pursue her workers' compensation claim. Specifically, the plaintiff initiated the claims process by filing a first injury report with Fanelli. Subsequently, on November 22, 2016, she gave a recorded statement to a representative from BerkleyNet that lasted roughly twenty-five minutes. Notably, the plaintiff filed her first injury report, provided her recorded statement, and received the letter with the pharmacy card in response to her statement all within one year of the date of injury. Finally, a few months after she had provided the recorded statement, the plaintiff received a letter stating that "[i]n accor-

dance with your [w]orkers’ [c]ompensation claim from Friday, November 27, 2015, [BerkleyNet] has arranged for you to be examined . . . .”

Accordingly, given that the plaintiff had filed a first report of injury form, provided a recorded statement to BerkleyNet, and received multiple pieces of correspondence in the mail regarding her “[w]orkers’ [c]ompensation claim from Friday, November 27, 2015,” and indicating that BerkleyNet had opened a claim and assigned a claim number for the plaintiff, we conclude that the board properly determined that, based on the totality of the circumstances, the plaintiff substantially complied with the statutory notice provisions of § 31-294c (a).

To be clear, in reaching this conclusion, we are not carving out a new exception to the notice requirements of § 31-294c (a). We reiterate that “[i]t is not the court’s role to acknowledge an exclusion when the legislature painstakingly has created such a complete statute. We consistently have acknowledged that the act is an intricate and comprehensive statutory scheme. . . . The complex nature of the workers’ compensation system requires that policy determinations should be left to the legislature, not the judiciary.” (Internal quotation marks omitted.) *Salerno* v. *Lowe’s Home Improvement Center*, 198 Conn. App. 879, 884, 235 A.3d 537 (2020); see also *Wiblyi* v. *McDonald’s Corp.*, 168 Conn. App. 92, 107, 144 A.3d 530 (2016) (“we will not recognize, in the absence of legislative action,” time limitation not set forth in statute); *Izikson* v. *Protein Science Corp.*, supra, 156 Conn. App. 713 (expressly declining “to carve out another exception” to notice of claim requirement in § 31-294c (a) because “the legislature, rather than this court, is the proper forum through which to create” additional exceptions to that statute). We simply conclude that the plaintiff, in filing her first report of injury with BerkleyNet and supplementing it with a recorded statement, substantially complied with the written notice requirement § 31-294c (a).

The decision of the Compensation Review Board is affirmed.

In this opinion the other judges concurred.

* This appeal originally was argued before a panel of this court consisting of Chief Judge Bright, Judge Alvord, and former Justice Sullivan. Thereafter, Judge DiPentima replaced former Justice Sullivan. Judge DiPentima has read the briefs and appendices and listened to a recording of the oral argument prior to participating in this decision.

[1] BerkleyNet Underwriters, LLC, the workers’ compensation insurer for Regency Coachworks, Inc., was also named as a defendant in this action but is not a party to this appeal. We therefore refer in this opinion to Regency Coachworks, Inc., as the defendant.

[2] “A form 30C is the form prescribed by the workers’ compensation commission of Connecticut for use in filing a notice of [a workers’ compensation] claim . . . .” (Internal quotation marks omitted.) *Reid* v. *Speer*, 209 Conn. App. 540, 543 n.3, 267 A.3d 986 (2021), cert. denied, 342 Conn. 908, 271 A.3d 136 (2022).

[3] “A form 43 is a disclaimer that notifies a claimant who seeks workers’ compensation benefits that the employer intends to contest liability to pay

compensation." (Internal quotation marks omitted.) *Woodbury-Correa* v. *Reflexite Corp.*, 190 Conn. App. 623, 626 n.3, 212 A.3d 252 (2019).

[4] The letter dated November 22, 2016, states that it was sent in regard to the status of her claim for her injury suffered on November 27, 2015. The letter provides in relevant part: "BerkleyNet is the workers compensation carrier for your [e]mployer . . . . We have received a First Report of Injury and have opened a claim for the date of injury above. . . . If you need medical treatment, please ask your employer for the name of an approved provider on your company's panel of network doctors. If you need to fill a prescription related to your injury at work, please use the enclosed Instant Access Pharmacy Card at a participating network pharmacy to avoid paying out-of-pocket for your medication."

─────────────────────────