ANTHONY DIBLASE *v.* LOGISTEC
CONNECTICUT, INC., ET AL.
(SC 17670)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued October 24, 2006—officially released July 10, 2007

*David A. Kelly,* with whom, on the brief, was *Marie E. Gallo-Hall,* for the appellant (plaintiff).

*Neil J. Ambrose,* with whom, on the brief, was *Alexander J. Cuda,* for the appellee (named defendant).

*Opinion*

VERTEFEUILLE, J. The plaintiff, Anthony DiBlase, appeals from the decision of the compensation review

board (board) affirming the decision of the workers' compensation commissioner for the fourth district (commissioner) dismissing for lack of jurisdiction the plaintiff's claim pursuant to the Workers' Compensation Act, General Statutes § 31-275 et seq. (state act). The plaintiff claims on appeal that the board improperly concluded that the commissioner lacked jurisdiction over his claim against the named defendant, Logistec Connecticut, Inc.,[1] because the injury had occurred on the navigable waters of the United States, and therefore, the federal government had exclusive jurisdiction over the claim under article three, § 2, and article one, § 8, of the constitution of the United States[2] and the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (longshore act). Our resolution of this appeal is controlled by our recent decision in *Coppola* v. *Logistec Connecticut, Inc.*, 283 Conn. 1, 925 A.2d 257 (2007). We agree with the plaintiff and reverse the board's decision.

The record reveals the following facts and procedural history. The plaintiff testified at a hearing before the commissioner that the defendant is in the business of unloading ships in Bridgeport and New Haven harbor. The plaintiff is a resident of Connecticut and had worked as a laborer for the defendant since June, 1986. In 1999, the plaintiff's duties primarily involved operating electric forklifts inside cargo ships and in the

---

[1] The third party administrator of the defendant employer's workers' compensation plan, LaMorte Burns and Company, was also a defendant in the proceedings before the commission and the board, but has not participated in this appeal. For convenience, we refer to Logistec Connecticut, Inc., as the defendant in this opinion.

[2] The constitution of the United States, article three, § 2, provides in relevant part: "The judicial Power [of the United States] shall extend . . . to all Cases of admiralty and maritime Jurisdiction . . . ."

The constitution of the United States, article one, § 8, provides in relevant part: "The Congress shall have Power . . . [t]o make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by the Constitution in the Government of the United States, or in any Department or Officer thereof."

warehouses of the defendant in Bridgeport and New Haven. As a laborer, the plaintiff's duties also included "pushing a sled," a steel framework for holding cargo weighing approximately 800 pounds, and "throwing chains," which took four to five individuals to manipulate, in order to unload cargo from ships. In order to get in and out of the hold of a ship, the plaintiff also was required to climb up and down fifty to sixty foot ladders.

In December, 1999, the plaintiff filed a report of injury regarding his right shoulder "due to the punishment that [his] body was receiving by driving in the hold [of a ship] that day. . . . It was just a cumulative thing." Shortly thereafter, the plaintiff sought medical treatment for pain in his right shoulder. The plaintiff's physician, James I. Spak, diagnosed the plaintiff with "impingement of the right shoulder with [acromioclavicular] arthritis and labral degeneration." The plaintiff underwent surgery on his right shoulder on January 23, 2000.[3] In Spak's medical opinion, the plaintiff's "right shoulder condition was caused by repetitive use while driving a forklift and doing lifting at work."

On August 26, 2000, while ascending a ladder out of a ship's hold, the plaintiff felt a sharp pain in his left shoulder. The plaintiff was no longer able to use his left arm to pull himself up the ladder and was forced to use only his right arm to pull himself up while keeping his left arm at waist level to hold himself to the ladder. The plaintiff again sought medical treatment from Spak, who described the August 26, 2000 incident as " 'the straw that broke the camel's back.' " Thereafter, the plaintiff underwent surgery on his left shoulder on November 14, 2000. In Spak's medical opinion, "repetitive work activities" also caused the injuries to the plaintiff's left shoulder.

---

[3] During the plaintiff's appointment with Spak in January, 2000, the plaintiff also complained of pain in his left shoulder. Spak did not, however, examine the plaintiff's left shoulder at that time.

The plaintiff filed a claim under the longshore act and was awarded compensation. The plaintiff also filed a claim under the state act. On September 20, 2004, the defendant filed a motion to dismiss the state claim for lack of jurisdiction claiming that, because, at the time of his injury, the plaintiff had been engaged in maritime employment in a vessel floating on the navigable waters of the United States, the longshore act was his exclusive remedy. The commissioner found that the plaintiff's "right shoulder injury on December 21, 1999, was substantially caused by operating a forklift over the uneven floors of cargo ships that he worked inside of" and that the plaintiff's "left shoulder injury was substantially caused when he was pulling himself up on a ladder while climbing out of a cargo ship." Accordingly, the commissioner found that "the injuries described by the [plaintiff] occurred over navigable waters and therefore do not come under the jurisdiction of the [state act]," and dismissed the plaintiff's claim for lack of subject matter jurisdiction.

The plaintiff then filed a motion to correct in which he requested new findings that, inter alia, his right shoulder injury substantially was "caused by operating a forklift in the holds of floating cargo ships and in warehouses located on land and by other work-related repetitive trauma on land and in floating ships"; that his left shoulder injury substantially was "caused through repetitive work activities"; and that "[t]he injuries described by [him] come under the jurisdiction of the [state act]." The commissioner denied the plaintiff's motion to correct.

The plaintiff appealed from the commissioner's dismissal of his claim to the board. After a hearing, the board issued its decision affirming the commissioner's dismissal of the claim. This appeal followed.[4]

---

[4] The plaintiff appealed from the board's decision to the Appellate Court pursuant to General Statutes § 31-301b. We then transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The plaintiff claims on appeal that the board improperly affirmed the decision of the commissioner because concurrent jurisdiction exists under the longshore act and the state act for his injuries.[5] We agree.

"As a threshold matter, we set forth the standard of review applicable to workers' compensation appeals. The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board. . . . A state agency is not entitled, however, to special deference when its determination of a question of law has not previously been subject to judicial scrutiny. . . . *Tracy* v. *Scherwitzky Gutter Co.*, 279 Conn. 265, 273, 901 A.2d 1176 (2006). Whether the state act constitutionally applies to claims involving injuries that occurred on the navigable waters of the United States is a pure question of law. . . . Accordingly, we conclude that our review of this issue is plenary." (Citation omitted; internal quotation marks omitted.) *Coppola* v. *Logistec Connecticut, Inc.*, supra, 283 Conn. 5–6.

The outcome of the present appeal is dictated by our decision in *Coppola*, which was argued before this court

[5] The plaintiff also asserts two alternate grounds for jurisdiction under the state act. Namely, the plaintiff claims that a voluntary agreement approved by the commission established its subject matter jurisdiction and that the board improperly affirmed the commissioner's determination that the plaintiff's injuries occurred solely on navigable waters. Because we reverse the board's decision on the ground that the state has concurrent jurisdiction with the federal government over the plaintiff's claim, we need not reach the plaintiff's additional claims.

on the same day as the present case. In *Coppola*, we decided an issue that is indistinguishable from the claim raised by the plaintiff in the present case. The plaintiff in *Coppola* claimed that the board improperly had concluded that the commissioner lacked jurisdiction over his claim against the same defendant as in the present case, Logistec Connecticut, Inc., because the injury had occurred on the navigable waters of the United States and that, therefore, the federal government had exclusive jurisdiction over the claim. Id., 2. We concluded therein that the state has concurrent jurisdiction with the federal government over claims involving injuries sustained on navigable waters when the employer and the employee are locally based, the employment contract is performed locally, the injury occurred on the state's territorial waters and the employer was required under the state act to secure compensation for any land based injuries sustained by the employee. Id., 5.

Our conclusion in *Coppola* is dispositive of the plaintiff's claims in the present case. The record in the present case establishes that the plaintiff is a resident of Connecticut, the defendant is a corporation with business locations in Connecticut, and the plaintiff was employed by the defendant as a laborer at its warehouses in Bridgeport and New Haven and in unloading cargo ships in the harbor. The record further establishes that the plaintiff's claims were denied solely because his injuries had occurred on ships floating in navigable waters, rather than on land. It is also undisputed that the defendant was required under the state act to secure compensation for any land based injuries sustained by the plaintiff. Accordingly, we conclude that the board improperly determined that the commissioner does not have jurisdiction over the plaintiff's claim.

The judgment is reversed and the case is remanded to the board with direction to sustain the plaintiff's appeal.

In this opinion the other justices concurred.