ANTHONY DIBLASE *v.* LOGISTEC CONNECTICUT, INC., ET AL.
(AC 31045)

Harper, Beach and Robinson, Js.

Argued March 17—officially released September 14, 2010

*David A. Kelly*, with whom, on the brief, was *Bridget Ciarlo*, for the appellant (plaintiff).

*Neil J. Ambrose*, for the appellees (defendants).

*Opinion*

HARPER, J. In this workers' compensation matter, the plaintiff, Anthony DiBlase, appeals from the decision of the workers' compensation review board

(board) affirming the workers' compensation commissioner's (commissioner) denial of his request for attorney's fees from the defendant Logistec Connecticut, Inc.[1] On appeal, the plaintiff claims that the board improperly affirmed the commissioner's determination that a prior effort by the defendant to challenge the subject matter jurisdiction of the workers' compensation commission (commission) did not constitute an unreasonable contest or undue delay of the plaintiff's claims for benefits. We disagree. Accordingly, we affirm the decision of the board.

The following facts and procedural history are relevant to our disposition of the present appeal. The plaintiff has filed claims for compensation under the federal Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (longshore act), and our state's Workers' Compensation Act, General Statutes § 31-275 et seq. (state act), for injuries sustained to his left and right shoulder while he was in the employ of the defendant, a longshoring operation in the business of unloading cargo from ships. On September 27, 2002, the parties entered into a voluntary agreement under which the defendant accepted the compensability of the injury to the plaintiff's left shoulder under the state act. This agreement was approved by the commissioner.

On October 3, 2003, however, the defendant filed a form 43, contesting the commission's subject matter jurisdiction. The defendant claimed: "[The plaintiff's] injury occurred over navigable waters in the course of [m]aritime employment. Exclusive jurisdiction for such injuries lies within [the] jurisdiction of [the longshore act]." The commissioner agreed with the defendant,

---

[1] The third party administrator of the defendant employer's workers' compensation plan, LaMorte Burns and Company, was also a defendant in the proceedings before the commission and the board but has not participated in this appeal. For convenience, we refer in this opinion to Logistec Connecticut, Inc., as the defendant.

and the plaintiff's claims for benefits under the state act were dismissed. The plaintiff appealed to the board, which affirmed the commissioner's dismissal of the claims. The plaintiff then appealed from the board's decision to this court, and our Supreme Court transferred the appeal to itself and reversed the board's decision. The court, relying on its ruling in another case that had been argued the same day,[2] noted that "the state has concurrent jurisdiction with the federal government over claims involving injuries sustained on navigable waters when the employer and the employee are locally based, the employment contract is performed locally, the injury occurred on the state's territorial waters and the employer was required under the state act to secure compensation for any land based injuries sustained by the employee." *DiBlase* v. *Logistec Connecticut, Inc.*, 283 Conn. 129, 135, 925 A.2d 311 (2007). Accordingly, the court concluded that the board improperly determined that the commissioner did not have jurisdiction over the plaintiff's claim because "the plaintiff is a resident of Connecticut, the defendant is a corporation with business locations in Connecticut, and the plaintiff was employed by the defendant as a laborer in its warehouses in Bridgeport and New Haven in unloading cargo ships in the harbor." Id.

Subsequent to the Supreme Court's decision in *DiBlase*, the plaintiff filed a request for attorney's fees for unreasonable delay and unreasonable contest of benefits pursuant to General Statutes § 31-300.[3] The

---

[2] The case, *Coppola* v. *Logistec Connecticut, Inc.*, 283 Conn. 1, 925 A.2d 257 (2007), presented identical issues.

[3] General Statutes § 31-300 provides in relevant part: "In cases where, through the fault or neglect of the employer or insurer, adjustments of compensation have been unduly delayed, or where through such fault or neglect, payments have been unduly delayed, the commissioner may include . . . a reasonable attorney's fee in the case of undue delay in adjustments of compensation and may include in the award in the case of undue delay in payments of compensation . . . a reasonable attorney's fee. . . . In cases where the claimant prevails and the commissioner finds that the

theory underlying the plaintiff's request was that the defendant unreasonably had challenged the commission's jurisdiction. The commissioner, however, found that the plaintiff "failed to meet his burden of proof that [the defendant] unreasonably contested and denied or unduly delayed benefits pursuant to . . . § 31-300." It appears that the commissioner, in denying the request for attorney's fees, primarily was persuaded by the fact that the board previously had agreed with the defendant that there was no concurrent state jurisdiction over the plaintiff's claims, only to be reversed by our Supreme Court. Accordingly, the commissioner denied the request for attorney's fees. The plaintiff appealed to the board, which, in turn, affirmed the decision of the commissioner. This appeal followed.

The sole issue raised by the plaintiff on appeal is "[w]hether [the board] erred in affirming [the commissioner's] denial of the plaintiff's claim for attorney's fees on the basis of unreasonable contest and undue delay, as permitted by . . . § 31-300." Our standard of review for workers' compensation issues is well established. "The commissioner is the sole trier of fact and [t]he conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . The review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is [obligated] to hear the appeal on the record and not retry the facts. . . . On appeal, the board must determine whether there is any evidence in the record to support the commissioner's findings and award. . . . Our scope of review of [the] actions of the [board] is [similarly] . . . limited. . . . [However] [t]he decision of the [board] must be correct in

employer or insurer has unreasonably contested liability, the commissioner may allow to the claimant a reasonable attorney's fee. . . ."

law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Internal quotation marks omitted.) *Pantanella* v. *Enfield Ford, Inc.*, 65 Conn. App. 46, 52–53, 782 A.2d 141, cert. denied, 258 Conn. 930, 783 A.2d 1029 (2001).

The gist of the plaintiff's argument is that the defendant's earlier challenge in *DiBlase* v. *Logistec Connecticut, Inc.*, supra, 283 Conn. 129, constituted an impermissible collateral attack on the commission's jurisdiction. Having so alleged, the plaintiff posits that the defendant's action was ipso facto unreasonable.[4] We disagree.

In support of his argument, the plaintiff cites *Upjohn Co.* v. *Zoning Board of Appeals*, 224 Conn. 96, 104, 616 A.2d 793 (1992), in which our Supreme Court reaffirmed the principle that a collateral attack on jurisdiction may be barred "where the lack of jurisdiction is not entirely obvious" and a party previously had an opportunity to challenge jurisdiction. Essentially, *Upjohn Co.* stands for the proposition that there are certain instances in which a court may *decline to review* a challenge to jurisdiction on the basis of collateral estoppel. To the extent that the plaintiff asks us to adopt the *Upjohn Co.* paradigm by grafting it onto the inquiry into the reasonableness of jurisdictional challenges, we decline to do so.

The reviewability of a challenge and the reasonableness of a challenge, however, involve legally distinct

---

[4] The plaintiff also argues that the "commissioner abused his discretion in determining that a challenge to subject matter jurisdiction is *always* a bona fide defense to the claims of a plaintiff for compensation." (Emphasis in original.) This argument consists of little more than bare assertions, and the plaintiff does not provide a material legal analysis related to it. Accordingly, we decline to review the merits of this claim. See *Knoblaugh* v. *Marshall*, 64 Conn. App. 32, 35 n.3, 779 A.2d 218 (argument that consists of mere bare assertion devoid of any legal authority inadequately briefed), cert. denied, 258 Conn. 916, 782 A.2d 1243 (2001).

inquiries. Thus, even were we to accept the plaintiff's argument that our Supreme Court should have *declined to review* the defendant's earlier challenge as a collateral attack on the court's jurisdiction, such a conclusion would not be dispositive of the issue of the *reasonableness* of the defendant's challenge. It also is particularly relevant that our Supreme Court reviewed the defendant's jurisdictional challenge on its merits. The court did not decline to review the challenge as a collateral attack.

The plaintiff, citing *Morris* v. *Irwin*, 4 Conn. App. 431, 494 A.2d 626 (1985) (case on which *Upjohn Co.* relied for support), also argues that "there [exists] no strong policy [reason] for providing the [defendant] with a second opportunity to litigate the issue of subject matter jurisdiction" after entering into a voluntary agreement. Although the plaintiff's assertion may be true in the context of a typical tort action, we must be mindful that the fundamental purpose of the state act is "to provide a prompt, efficient, simple and inexpensive procedure for obtaining benefits related to employment." (Internal quotation marks omitted.) *Stearns & Wheeler, LLC* v. *Kowalsky Bros., Inc.*, 289 Conn. 1, 11, 955 A.2d 538 (2008). If we were to adopt the rationale advanced by the plaintiff and hold that a challenge to the jurisdiction of the commission is ipso facto unreasonable when an employer and employee have previously entered into a voluntary agreement, we would no doubt discourage parties from quickly entering into such agreements. Such a result would be an anathema to the goals of the state act.

It is well established that the "decision to award attorney's fees is within the commissioner's discretion and dependent on the findings of fact." *McFarland* v. *Dept. of Development Services*, 115 Conn. App. 306, 323, 971 A.2d 853, cert. denied, 293 Conn. 919, 979 A.2d 490 (2009); *Imbrogno* v. *Stamford Hospital*, 28 Conn. App.

113, 124, 612 A.2d 82, cert. denied, 223 Conn. 920, 615 A.2d 507 (1992). In determining that the defendant's jurisdictional challenge was not unreasonable, the commissioner relied heavily on the fact that both an earlier trial commissioner *and* the board had found merit to the defendant's challenge. The plaintiff has failed to provide any authority for why the commissioner was not entitled to take this into consideration, nor do we see any reason to conclude that this could not have served as a relevant factor in the commissioner's determination as to reasonableness. In sum, the circumstances of the present case do not persuade us to disturb the board's ruling that the commissioner did not abuse his discretion in finding the defendant's challenge to be reasonable.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.