SIXTO SIERRA *v.* C AND S WHOLESALE
GROCERS, INC., ET AL.
(AC 31567)

Bishop, Robinson and Borden, Js.

Argued January 31—officially released April 19, 2011

*Neil Johnson,* for the appellant (plaintiff).

*Nicholas W. Francis,* for the appellee (defendant C & S Wholesale Grocers, Inc.).

*Opinion*

BISHOP, J. In this workers' compensation matter, the plaintiff, Sixto Sierra, appeals from the decision of the workers' compensation review board (board), which affirmed the decision of the workers' compensation commissioner for the first district (commissioner) dismissing his claim for permanent partial disability benefits for 50 percent of the lumbar spine based on the impairment to his abdominal wall. We affirm the decision of the board.

The following facts, as found by the commissioner, and procedural history are relevant to the plaintiff's appeal. At the time of the events giving rise to this appeal, the plaintiff was employed by the defendant C & S Wholesale Grocers, Inc.,[1] where he worked as a selector, using a pallet jack in a warehouse to pick grocery orders, place them onto pallets, wrap them and load them onto a truck. On December 14, 2004, while in the course of his employment, the plaintiff suffered a crushing injury to his abdomen. The plaintiff was transported to Baystate Medical Center in Springfield, Massachusetts, where he eventually underwent three

---

[1] Gallagher Bassett Services, the insurer for C & S Wholesale Grocers, Inc., also was named as a defendant.

abdominal surgeries. The plaintiff testified that, since the day of the injury, he has been in constant pain, primarily in his stomach and back.

In his report dated May 25, 2006, W. Jay Krompinger, an orthopedic surgeon who had been treating the plaintiff for his injuries in 2005, opined that, from an orthopedic standpoint, the plaintiff had reached maximum medical improvement, with an 8 percent permanent partial disability to the lumbar spine.

On July 16, 2007, general surgeon, Rocco Orlando III, opined that the injury to the plaintiff's abdominal wall equaled a 50 percent disability of the back. In a subsequent letter dated December 1, 2007, Orlando further opined that the plaintiff had no capacity for physical work but, with vocational training, might be able to develop work skills for sedentary employment. In his subsequent deposition, Orlando clarified his impairment rating by explaining that he provided an assessment of the impairment to the plaintiff's abdominal wall, not the lumbar spine, as he is not qualified to make an assessment regarding an impairment to the lumbar spine. Orlando posited that the American Medical Association guidelines (guidelines) are deficient in dealing with impairments to the abdominal wall, and, therefore, his assessment of a 50 to 70 percent impairment was based mostly on his own personal opinion.

On the basis of the foregoing, the commissioner concluded that the plaintiff sustained a 50 percent permanent partial disability of his abdominal wall but that General Statutes § 31-308[2] does not include the abdominal wall as a body part for which a disability benefit

---

[2] General Statutes § 31-308 (b) provides in relevant part: "With respect to the following injuries, the compensation, in addition to the usual compensation for total incapacity but in lieu of all other payments for compensation, shall be seventy-five per cent of the average weekly earnings of the injured employee . . . . All of the following injuries include the loss of the member or organ and the complete and permanent loss of use of the member or organ referred to . . . ." In chart form, § 31-308 (b) lists the compensable injuries to individual body parts.

may be awarded. The commissioner, accordingly, rejected the plaintiff's claim for permanent partial disability benefits for 50 percent of the lumbar spine based on the impairment to his abdominal wall. The commissioner found Krompinger's 8 percent permanent partial disability rating to the lumbar spine to be credible and persuasive and determined that the plaintiff is not permanently and totally disabled.

The plaintiff filed a motion to correct various findings made by the commissioner, which was denied in its entirety.[3] Thereafter, the plaintiff appealed to the board, claiming that the commissioner's decision was contrary to the Supreme Court's opinion in *Barton* v. *Ducci Electrical Contractors, Inc.*, 248 Conn. 793, 730 A.2d 1149 (1999). In essence, the plaintiff claimed on appeal that the evidence that he presented as to the permanent disability to his abdominal wall, an unscheduled body part under § 31-308, should have caused an equal increase in the permanent disability assessed to his back, a scheduled body part under § 31-308. The board disagreed and affirmed decision of the commissioner. This appeal followed.

Our standard of review for workers' compensation issues is well established. "The commissioner is the sole trier of fact and [t]he conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . The review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is [obligated] to hear the appeal on the record and not retry the facts. . . . On appeal, the board must determine

[3] Of particular relevance to this appeal was the plaintiff's claim that the commissioner should have concluded that the permanent partial impairment to his abdominal wall should have been considered as an impairment to his back in accordance with § 31-308 (b).

whether there is any evidence in the record to support the commissioner's findings and award. . . . Our scope of review of [the] actions of the [board] is [similarly] . . . limited. . . . [However] [t]he decision of the [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Internal quotation marks omitted.) *DiBlase* v. *Logistec Connecticut, Inc.*, 123 Conn. App. 753, 757–58, 3 A.3d 128, cert. denied, 299 Conn. 908, 10 A.3d 524 (2010).

In this appeal, as in his appeal to the board, the plaintiff's sole claim is that the commissioner failed to attribute his abdominal wall injury to his back, and, therefore, the commissioner's ruling contravened the Supreme Court's holding in *Barton* v. *Ducci Electrical Contractors, Inc.*, supra, 248 Conn. 793. We are not persuaded.

In *Barton*, the Supreme Court concluded that § 31-308 (b) allows for compensation for injuries only to scheduled body parts. Id., 811. The court stated, however, that "an injured employee could receive compensation for injury to an unscheduled body part or organ under the amended version of § 31-308 (b), to the extent that the injury related to the loss of or loss of use of a scheduled body part or member, because such injury always would be compensable as it pertained to a scheduled body part or member." Id., 809. Thus, the teaching of *Barton* is that although a commissioner has the discretion to award benefits for injury to an unscheduled body part, to the extent such an injury implicates a scheduled body part, a trial commissioner is not required, by *Barton*, to make such a correlation. Indeed, such an award must be based on competent medical evidence. *Safford* v. *Owens Brockway*, 262 Conn. 526, 533, 816 A.2d 556 (2003). "Competent evidence does not mean any evidence at all. It means evidence on which the trier properly can rely and from which it may

draw reasonable inferences." (Internal quotation marks omitted.) *Hummel* v. *Marten Transport, Ltd.*, 114 Conn. App. 822, 845, 970 A.2d 834, cert. denied, 293 Conn. 907, 978 A.2d 1109 (2009). "It is properly within the commissioner's discretion to accept or reject all, or part of, a medical opinion." *Safford* v. *Owens Brockway*, supra, 536.

Here, the commissioner found that although Orlando initially attributed a 50 percent disability to the plaintiff's back on the basis of his abdominal injury, Orlando later indicated that he was not qualified to make an assessment of an injury to the lumbar spine and, accordingly, limited his assessment to the plaintiff's abdominal wall injury.[4] Additionally, as noted earlier, Orlando indicated that the guidelines are inadequate for rating impairments to the abdominal wall and that he had based his rating on personal experience. The board concluded, and we agree, that the commissioner was within his province to reject Orlando's opinion in light of the "deficiencies identified with [his] testimony . . . ." The only other evidence presented as to the impairment to the plaintiff's back was the opinion of Krompinger, assessing an 8 percent permanent partial disability. In the absence of competent medical evidence attributing the plaintiff's back injury to his abdominal wall injury, we cannot conclude that the commissioner's decision was unreasonable, arbitrary, illegal or constituted an abuse of discretion. Accordingly, the board properly affirmed the commissioner's decision dismissing the plaintiff's claim for permanent partial disability benefits for 50 percent of the lumbar spine based on the impairment to his abdominal wall.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.

---

[4] Orlando further acknowledged that the plaintiff's impairment did not pertain to any of his skeletal structures.