MUSLUM AYNA *v.* GRAEBEL/CT
MOVERS, INC., ET AL.
(AC 32559)

Beach, Alvord and Dupont, Js.

Argued November 8, 2011—officially released January 17, 2012

*John T. Bochanis*, for the appellant (plaintiff).

*Timothy D. Ward*, for the appellees (defendants).

*Opinion*

ALVORD, J. The plaintiff, Muslum Ayna, appeals from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner for the fourth district (commissioner) approving two form 36 notices[1] submitted by the defendants, Graebel/CT Movers, Inc., and Liberty Mutual Insurance Company. On appeal, the plaintiff argues that the board improperly affirmed the commissioner's decision (1) that the plaintiff was capable of light duty work and had reached maximum medical improvement, (2) that the plaintiff had a work capacity, (3) denying the plaintiff's motion to correct and (4) denying the plaintiff's request for sanctions against the defendants pursuant to General Statutes § 31-300. We affirm the decision of the board.

The following facts, as determined by the commissioner, and procedural history are relevant to the plaintiff's appeal. The plaintiff was employed by Graebel/CT Movers, Inc. On or about April 6, 1998, the plaintiff sustained a compensable neck injury and, subsequently, the parties reached a voluntary agreement regarding the injury. Patrick P. Mastroianni, a neurosurgeon, and Robert Nolan, an orthopedic surgeon, performed neck

---

[1] "Form 36 is a notice to the compensation commissioner and the claimant of the intention of the employer and its insurer to discontinue compensation payments. The filing of this notice and its approval by the commissioner are required by statute in order properly to discontinue payments. General Statutes §§ 31-296, 31-296a, 31-300." (Internal quotation marks omitted.) *Testone* v. *C. R. Gibson Co.*, 114 Conn. App. 210, 212 n.3, 969 A.2d 179, cert. denied, 292 Conn. 914, 973 A.2d 663 (2009).

surgery on the plaintiff in September, 1999, and November, 2001. On September 22, 2003, William S. Lewis, an orthopedic surgeon, examined the plaintiff and reported that X rays of the plaintiff's cervical spine showed excellent fusion. Mastroianni examined the plaintiff on December 1, 2003, reporting that the films suggested that a complete fusion had taken place. On January 15, 2004, Mastroianni reported that the plaintiff remained totally temporarily disabled for an undetermined period of time. On February 10, 2004, Mastroianni reported that it did not appear that there was an indication for further surgical intervention. On December 2, 2004, Mastroianni reported that the films showed that a complete consolidation had not taken place.

On July 24, 2003, and August 31, 2004, Michael E. Karnasiewicz, a neurosurgeon, examined the plaintiff at the request of the defendants. According to Karnasiewicz: "[The plaintiff] has had two cervical fusions and he appears to have successfully fused at both levels. His major complaint is axial pain with upper extremity pain in a nonspecific pattern. It is my feeling that he has reached his point of maximum medical improvement and that he is capable of light work. . . . I would estimate [the plaintiff's] ability to lift is in the [thirty] to [twenty] pound range." Karnasiewicz reported that he continued to believe that the plaintiff had a light work capacity following the additional examination on August 31, 2004. Karnasiewicz testified that the plaintiff had reached maximum medical improvement as of July 24, 2003, with a light duty capacity. After reviewing Mastroianni's operative report and the plaintiff's X rays, Karnasiewicz indicated that the plaintiff had received a successful fusion.

The plaintiff testified that he did not perform any work subsequent to 2001. He also testified that he received checks from Louisiana state Senator Cleo Fields, but that he had cashed them for Ibrahim Cayir.

He further testified that he acted only as an interpreter for the senator's tile job in Louisiana. The plaintiff's former wife, Charlotte Ayna, also testified. Charlotte Ayna testified that the plaintiff had gone to Louisiana to do work for Fields. She also testified that the plaintiff had worked servicing vending machines and that she had gone with the plaintiff to load and unload the vending machines at various times between 2003 and 2006. The plaintiff's cellular telephone records indicated that he had traveled extensively throughout the country between 2003 and 2006, including periods of time in Louisiana.

The commissioner did not find the plaintiff credible, nor did he find the opinions and reports of Mastroianni to be fully credible and persuasive. The commissioner did, however, find the testimony, opinions and reports of Karnasiewicz to be fully credible and persuasive. Similarly, the commissioner credited the testimony of Charlotte Ayna. Accordingly, the commissioner approved both form 36 notices and denied the plaintiff's request for sanctions against the defendants pursuant to § 31-300.

The plaintiff filed a petition for review with the board on April 17, 2009. On June 1, 2009, the plaintiff filed a motion to correct the findings of the commissioner. On June 2, 2009, the commissioner denied the motion to correct. On July 21, 2010, the board affirmed the findings of the commissioner and dismissed the plaintiff's appeal, concluding that the commissioner's decision was based on the weight of the evidence. This appeal followed.

"The standard of review in workers' compensation appeals is well established. When the decision of a commissioner is appealed to the board, the board is obligated to hear the appeal on the record of the hearing before the commissioner and not to retry the facts. . . .

The commissioner has the power and duty, as the trier of fact, to determine the facts. . . . The conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . .

"[O]n review of the commissioner's findings, the [review board] does not retry the facts nor hear evidence. It considers no evidence other than that certified to it by the commissioner, and then for the limited purpose of determining whether or not the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the commissioner when these depend upon the weight of the evidence and the credibility of witnesses." (Citation omitted; internal quotation marks omitted.) *Shepard* v. *Wethersfield Offset, Inc.*, 98 Conn. App. 682, 685–86, 910 A.2d 993 (2006), cert. denied, 281 Conn. 911, 916 A.2d 51 (2007). "Our scope of review of the actions of the board is similarly limited. . . . The role of this court is to determine whether the . . . [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Parisi* v. *Yale University*, 89 Conn. App. 716, 722, 874 A.2d 852 (2005).

I

The plaintiff first contends that the board improperly affirmed the commissioner's decision that the plaintiff was capable of light duty work and had reached maximum medical improvement. We disagree.

In support of his argument, the plaintiff asserts that the commissioner improperly ignored the previous decision of former Commissioner George A. Waldron, in

which decision he found the plaintiff to be totally disabled. He further argues that, in determining that the plaintiff was not totally disabled and had reached maximum medical improvement as of 2003, the commissioner ignored the plaintiff's need for surgery in 2007 and 2008. The plaintiff also disagrees with the decision of the commissioner to credit Karnasiewicz over Mastroianni. Ultimately, the plaintiff disputes the commissioner's weighing of the evidence and determination of the credibility of witnesses.

It is within the discretion of the commissioner alone to determine the credibility of witnesses and the weighing of the evidence. "It is . . . immaterial that the facts permit the drawing of diverse inferences. The [commissioner] alone is charged with the duty of initially selecting the inference which seems most reasonable, and [the commissioner's choice], if otherwise sustainable, may not be disturbed by a reviewing court." (Internal quotation marks omitted.) *Biasetti* v. *Stamford*, 123 Conn. App. 372, 382, 1 A.3d 1231, cert. denied, 298 Conn. 929, 5 A.3d 489 (2010). Karnasiewicz testified that the plaintiff had reached maximum medical improvement as of 2003, that there was no correlation between a successful fusion and pain and the ability to work, and that the plaintiff was capable of light duty work with a twenty to thirty pound lifting restriction. Therefore, the plaintiff has made no showing that the board's decision affirming the commissioner's decision resulted from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them.

II

The plaintiff next asserts that the board improperly affirmed the decision of the commissioner that the plaintiff had a work capacity. We disagree.

The plaintiff contends that the commissioner improperly credited the testimony of the plaintiff's former wife, Charlotte Ayna, that the plaintiff had worked loading and unloading vending machines and that he performed work for Senator Fields in Louisiana during the time that he claimed to be totally disabled. Once again, the plaintiff disputes the commissioner's credibility determinations and weighing of the evidence. There was ample evidence to support the commissioner's finding that the plaintiff had a work capacity, including the testimony of Charlotte Ayna and Karnasiewicz, and the plaintiff's cellular telephone records placing him out of state during the relevant time periods. In addition to crediting the testimony of Charlotte Ayna and Karnasiewicz, the commissioner specifically found that the plaintiff was not credible. The commissioner also did not credit the opinion of Mastroianni. We cannot conclude, therefore, that the board's decision resulted from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them.

### III

The plaintiff next argues that the board improperly affirmed the commissioner's denial of the plaintiff's motion to correct the findings. We disagree.

"The finding of the commissioner cannot be changed unless the record discloses that the finding includes facts found without evidence or fails to include material facts which are admitted or undisputed. . . . It [is] the commissioner's function to find the facts and determine the credibility of witnesses . . . and a fact is not admitted or undisputed merely because it is uncontradicted. . . . A material fact is one that will affect the outcome of the case." (Internal quotation marks omitted.) *Shepard* v. *Wethersfield Offset, Inc.*, supra, 98 Conn. App. 686. "Thus, a motion to correct is properly denied when

the additional findings sought by the movant would not change the outcome of the case." *Testone* v. *C. R. Gibson Co.*, 114 Conn. App. 210, 222, 969 A.2d 179, cert. denied, 292 Conn. 914, 973 A.2d 663 (2009). The plaintiff's motion to correct sought to conform the commissioner's findings to the plaintiff's version of the facts. "It is the commissioner, however, who has the discretion to determine the facts." Id. "Once the commissioner makes a factual finding, [we are] bound by that finding if there is evidence in the record to support it." (Internal quotation marks omitted.) *Rodriguez* v. *E.D. Construction, Inc.*, 126 Conn. App. 717, 726, 12 A.3d 603, cert. denied, 301 Conn. 904, 17 A.3d 1046 (2011).

In making his argument, the plaintiff asserts that the commissioner neglected to include in his findings the material fact that the plaintiff required additional surgeries on January 26, 2007, and August 15, 2008. It is undisputed that the plaintiff had two additional surgeries. It was within the commissioner's discretion, however, to determine: if the two later surgeries were relevant to the plaintiff's capacity for light duty work, whether he reached maximum medical improvement or whether he had a work capacity as of 2003. Karnasiewicz specifically testified at his deposition: "There's not necessarily a one-to-one correlation between a successful fusion and pain and the ability to work. . . . The two don't go hand in hand. I testified that, yes, I believe, based on the information I have in reviewing Dr. Mastroianni's operative note and the review of X rays presented to me, that he had received—had a successful fusion, and he also had a limited work capacity. The two don't correlate. I've seen patients who haven't had a successful fusion, who are able to work and had very little pain." The commissioner found Karnasiewicz' testimony and opinions to be fully credible. Karnasiewicz testified that the two later surgeries were not relevant to whether the plaintiff was capable of light duty

work, had reached maximum medical improvement or had a work capacity as of 2003. Therefore, the commissioner was not required to correct his findings because the fact that the plaintiff had surgery in 2007 and 2008 was not an uncontested *material* fact that would have affected the outcome of the case.

The plaintiff also challenges the commissioner's decision to credit the testimony of Charlotte Ayna and Karnasiewicz. Additionally, the plaintiff challenges the decision of the commissioner not to credit Mastroianni or the plaintiff. "We cannot retry the facts or pass on the credibility of the witnesses." (Internal quotation marks omitted.) *ED Construction, Inc.* v. *CNA Ins. Co.*, 130 Conn. App. 391, 406, 24 A.3d 1 (2011). The findings of the commissioner were supported by the evidence and included all material facts as determined by him. We therefore conclude that the board properly affirmed the commissioner's denial of the plaintiff's motion to correct. *Testone* v. *C. R. Gibson Co.*, supra, 114 Conn. App. 221–22.

IV

Finally, the plaintiff argues that the board improperly affirmed the commissioner's denial of his request for sanctions against the defendants pursuant to § 31-300. We disagree.

Section 31-300 provides in relevant part: "In cases where, through the fault or neglect of the employer or insurer, adjustments of compensation have been unduly delayed, or where through such fault or neglect, payments have been unduly delayed, the commissioner may include . . . a reasonable attorney's fee in the case of undue delay in adjustments of compensation and may include in the award in the case of undue delay in payments of compensation . . . a reasonable attorney's fee. . . . In cases where the claimant prevails and the commissioner finds that the employer or

insurer has unreasonably contested liability, the commissioner may allow to the claimant a reasonable attorney's fee. . . ."

"It is well established that the decision to award attorney's fees is within the commissioner's discretion and dependent on the findings of fact." (Internal quotation marks omitted.) *DiBlase* v. *Logistec Connecticut, Inc.*, 123 Conn. App. 753, 759, 3 A.3d 128, cert. denied, 299 Conn. 908, 10 A.3d 524 (2010). Based on his findings that the plaintiff was capable of light duty work, had reached maximum medical improvement and had a work capacity as of 2003, the commissioner approved both form 36 notices submitted by the defendants. For the reasons set forth in this opinion, we conclude that there is no reason to disturb the commissioner's findings. Accordingly, it was not improper for the commissioner to deny the plaintiff's request for § 31-300 sanctions.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.