******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JEREMY M. REID *v.* SHERI A. SPEER ET AL.
(AC 36663)

Alexander, Clark and Palmer, Js.

*Syllabus*

The defendant employer appealed to this court from the decision of the Compensation Review Board, which affirmed the decision of the Workers' Compensation Commissioner finding that the plaintiff was employed by the defendant within the meaning of the Workers' Compensation Act (act) (§ 31-275 et seq.) and granting the plaintiff's motion to preclude the defendant from contesting the compensability of his injury pursuant to statute (§ 31-294c (b)). The defendant received the plaintiff's notice of claim for compensation but failed to file a form 43 within twenty-eight days contesting liability for the plaintiff's injury. On appeal, the defendant claimed, inter alia, that filing a form 43 would have violated the applicable statute (§ 31-290c), as she had knowledge that the plaintiff's claim for compensation was fraudulent. *Held* that the defendant could not prevail on her challenges to the fact-finding and credibility determinations made by the commissioner: evidence in the record supported the commissioner's express findings that the alleged injury suffered by the plaintiff, if proven, would constitute a compensable injury under the act and that, at the time of the alleged injury, the plaintiff was an employee of the defendant; moreover, the defendant could not prevail on her claim that her filing of a form 43 would have constituted criminal conduct, as she provided no legal support for the claim, and the purpose of filing the form, to contest the defendant's liability for the plaintiff's injury, would not fall within the language of § 31-290c that criminalizes conduct by a claimant for benefits under the act.

Submitted on briefs November 10, 2021—officially
released December 28, 2021

*Procedural History*

Appeal from the decision of the Workers' Compensation Commissioner for the Second District finding that the plaintiff was an employee of the named defendant subject to coverage under the Workers' Compensation Act and granting the plaintiff's motion to preclude the defendants from contesting liability as to his claim for certain workers' compensation benefits, brought to the Compensation Review Board, which affirmed the commissioner's decision, and the named defendant appealed to this court. *Affirmed.*

*Sheri A. Speer*, self-represented, filed a brief as the appellant (named defendant).

*Lance G. Proctor*, filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The self-represented defendant Sheri A. Speer appeals from the decision of the Compensation Review Board (board) affirming the finding and award of preclusion rendered by the Workers' Compensation Commissioner for the Second District (commissioner), in favor of the plaintiff, Jeremy M. Reid.[1] On appeal, the defendant challenges several of the commissioner's findings and also claims that filing a form 43 to contest liability for the plaintiff's injury would have constituted a criminal act punishable pursuant to General Statutes § 31-290c, due to her alleged knowledge that his claim was fraudulent. We affirm the decision of the board.[2]

The following facts and procedural history are relevant to this appeal. The plaintiff filed a form 30C on May 5, 2010, alleging that he had sustained a compensable injury to his right shoulder while employed by the defendant.[3] This injury allegedly had occurred on December 31, 2009, when he had been shoveling snow at one of the defendant's properties. The defendant did not respond to the plaintiff's filing in any manner, including the filing of a form 43 within twenty-eight days.[4] On August 20, 2010, the plaintiff filed a motion to preclude the defendant from contesting liability.[5]

After informal and formal hearings, the commissioner determined that, although the plaintiff initially had been an independent contractor, the relationship between the plaintiff and the defendant had evolved into one of an employee-employer. The plaintiff's alleged injury, therefore, fell within scope of the Workers' Compensation Act (act), General Statutes § 31-275 et seq. The commissioner also granted the plaintiff's motion to preclude. As a result, the defendant was precluded from contesting liability[6] for the plaintiff's claimed injury to his right shoulder and from contesting the extent of any resulting disability. The commissioner further ordered the plaintiff to provide a list of benefits claimed and noted that, if the parties were unable to reach an agreement as to the benefits owed to the plaintiff, a formal hearing would ensue. At that hearing, the plaintiff would be required to prove his claims as to compensability, the extent of his disability and entitlement to benefits;[7] however, as a result of the granting of the motion to preclude, the defendant would be "barred from offering exculpatory evidence into the record, from examining witnesses, from commenting on evidence offered by the [plaintiff] or making argument."[8] This appeal, initially filed in 2014, followed.[9]

We begin by setting forth the relevant legal principles. "The purpose of the [act] is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer . . . . The [act] compromise[s] an employee's right to a [common-law] tort

action for work related injuries in return for relatively quick and certain compensation. . . . The act indisputably is a remedial statute that should be construed generously to accomplish its purpose. . . . The humanitarian and remedial purposes of the act counsel against an overly narrow construction that unduly limits eligibility for workers' compensation. . . . Further, our Supreme Court has recognized that the state of Connecticut has an interest in compensating injured employees to the fullest extent possible . . . .

"The principles that govern our standard of review in workers' compensation appeals are well established. . . . The board sits as an appellate tribunal reviewing the decision of the commissioner. . . . [T]he review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . *[T]he power and duty of determining the facts rests on the commissioner . . . . [T]he commissioner is the sole arbiter of the weight of the evidence and the credibility of witnesses . . . . Where the subordinate facts allow for diverse inferences, the commissioner's selection of the inference to be drawn must stand unless it is based on an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them.* . . .

"This court's review of decisions of the board is similarly limited. . . . The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . [W]e must interpret [the commissioner's finding] with the goal of sustaining that conclusion in light of all of the other supporting evidence. . . . *Once the commissioner makes a factual finding, [we are] bound by that finding if there is evidence in the record to support it.*" (Citations omitted; emphasis added; internal quotation marks omitted.) *Jones* v. *Connecticut Children's Medical Center Faculty Practice Plan*, 131 Conn. App. 415, 422–24, 28 A.3d 347 (2011); see also *Leonetti* v. *MacDermid, Inc.*, 310 Conn. 195, 205–206, 76 A.3d 168 (2013).

On appeal, the defendant first challenges certain factual findings made by the commissioner.[10] Specifically, she contends that the commissioner erred in finding that (1) the plaintiff was injured in the course of his employment and was unable to work, (2) an employer-employee relationship existed, and (3) a sufficient quantity of snow existed that required the plaintiff to engage in the act of shoveling.

We carefully have reviewed the record before us and conclude that the defendant cannot prevail on her challenges to the fact-finding[11] and credibility determinations[12] made by the commissioner. The commissioner expressly found that the alleged injury suffered by the plaintiff while shoveling snow at the defendant's prop-

erty, if proven, would constitute a compensable injury under the act, assuming that he was an employee of the defendant.[13] The commissioner further found that, at the time of this alleged injury, the plaintiff was an employee of the defendant.[14] See, e.g., *DeJesus* v. *R.P.M. Enterprises, Inc.*, 204 Conn. App. 665, 694–97, 255 A.3d 885 (2021); *Rodriguez* v. *E.D. Construction, Inc.*, 126 Conn. App. 717, 727–28, 12 A.3d 603, cert. denied, 301 Conn. 904, 17 A.3d 1046 (2011). Evidence exists in the record to support these findings. Cognizant of our limited role, we conclude that the defendant's challenges to the facts found by the commissioner are without merit.

Next, the defendant claims that, under these facts, she could not file a form 43 to contest liability and, therefore, the court improperly granted the plaintiff's motion to preclude. Specifically, she contends that the filing of a form 43, when she allegedly knew the plaintiff's claim to be fraudulent, would have constituted a criminal act punishable pursuant to § 31-290c.[15] Specifically, she contends that, had she filed a form 43, she would have "intentionally aided, abetted and facilitated fraudulently obtained payments [for the plaintiff]." We are not persuaded by this novel interpretation of § 31-290c.[16]

In her brief to this court, the defendant offers no support for her argument that the mere act of filing a form 43 would have constituted criminal conduct. Our Supreme Court has explained that § 31-290c "criminalizes the behavior of a person who makes a claim or obtains an award based in whole or part on a material misrepresentation or intentional nondisclosure of material fact, and it also confers the right to bring a cause of action for statutory theft pursuant to General Statutes § 52-564." *Leonetti* v. *MacDermid, Inc.*, supra, 310 Conn. 217–18; see also *Dowling* v. *Slotnik*, 244 Conn. 781, 815, 712 A.2d 396, cert. denied sub nom. *Slotnik* v. *Considine*, 525 U.S. 1017, 119 S. Ct. 542, 142 L. Ed. 2d 451 (1998). Likewise, it applies to an employer that prevents or attempts to prevent the receipt of benefits or reduces or attempts to reduce the amount of benefits based on a material misrepresentation or intentional nondisclosure of a material fact. See, e.g., *Desmond* v. *Yale-New Haven Hospital, Inc.*, 138 Conn. App. 93, 100, 50 A.3d 910 (plaintiff claimed that defendants prevented, or attempted to prevent, receipt of benefits or reduced or attempted to reduce amount of benefits by casting workers' compensation claims in false light by making certain misrepresentations), cert. denied, 307 Conn. 942, 58 A.3d 258 (2012).

In addition to the absence of any legal support for the defendant's claim, we are unable to discern any logical basis for her position that filing a form 43 would have subjected her to potential criminal liability or prosecution. The purpose of filing this document is to contest an employer's liability for an employee's injury. It

would not, therefore, fall within the language of § 31-290c that criminalizes conduct by a claimant for workers' compensation benefits. Furthermore, her contention is premised on her own assertion that the plaintiff used a material misrepresentation or an intentional nondisclosure of a material fact to obtain such benefits improperly. Thus, she would not fall within the ambit of the prohibition in § 31-290c against an employer's prevention, or attempt to prevent, the receipt of benefits, or reduction therefrom on the basis of the employer's material misrepresentation or intentional nondisclosure of a material fact. For these same reasons, the filing of a form 43 in this case would not have constituted a violation of § 31-290c (b). In sum, the defendant's contention that her filing of a form 43 in this case would constitute criminal activity is without merit.

The decision of the Compensation Review Board is affirmed.

[1] General Statutes § 31-301b provides that "[a]ny party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court, whether or not the decision is a final decision within the meaning of section 4-183 or a final judgment within the meaning of section 52-263." Our appellate courts expressly have recognized that the final judgment requirement does not apply to appeals taken from the board. See *Dechio* v. *Raymark Industries, Inc.*, 299 Conn. 376, 399–400, 10 A.3d 20 (2010); *Hadden* v. *Capital Region Education Council*, 164 Conn. App. 41, 46 n.7, 137 A.3d 775 (2016).

[2] The plaintiff named Sheri A. Speer and Speer Enterprises, LLC, as his employer when he commenced this claim for workers' compensation benefits. During the proceedings before the commissioner and the board, the name of the employer was changed to "Sheri A. Speer d/b/a Speer Enterprises, LLC." The commissioner found that Sheri A. Speer was an employer for purposes of the Workers' Compensation Act, and that "[a]ll of [the plaintiff's] duties for [the defendant] and/or Speer Enterprises were performed within the state of Connecticut." All references herein to the defendant are to Sheri A. Speer.

Additionally, the commissioner found that the defendant did not carry workers' compensation insurance either individually or in the name of any of her businesses. The Second Injury Fund (fund) was cited in as a party pursuant to General Statutes § 31-355. See, e.g., *DeJesus* v. *R.P.M. Enterprises, Inc.*, 204 Conn. App. 665, 668, 255 A.3d 885 (2021). The fund has not participated in this appeal.

[3] "A form 30C is the form prescribed by the workers' compensation commission of Connecticut for use in filing a notice of [a workers' compensation] claim . . . ." (Internal quotation marks omitted.) *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 92, 94 n.3, 144 A.3d 530 (2016).

[4] "A form 43 is a disclaimer that notifies a claimant who seeks workers' compensation benefits that the employer intends to contest liability to pay compensation. If an employer fails timely to file a form 43, a claimant may file a motion to preclude the employer from contesting the compensability of his claim. . . . The form 43 generally must be filed within twenty-eight days of receiving written notice of the claim. See General Statutes § 31-294c . . . ." (Citation omitted; internal quotation marks omitted.) *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 77, 79 n.2, 144 A.3d 1075 (2016).

[5] We have described a motion to preclude in this context as "a statutorily created waiver mechanism that, following an employer's failure to comply with the requirement of [General Statutes] § 31-294c (b), bars that employer from contesting the compensability of its employee's claimed injury or the extent of the employee's resulting disability." (Internal quotation marks omitted.) *Dominguez* v. *New York Sports Club*, 198 Conn. App. 854, 865, 234 A.3d 1017 (2020).

[6] See, e.g., *Dominguez* v. *New York Sports Club*, 198 Conn. App. 854, 864, 234 A.3d 1017 (2020) (employer who fails to contest liability and commence payment for alleged injury on or before twenty-eighth day shall be conclusively presumed to have accepted compensability for alleged injury and this

conclusive presumption cannot be overcome by any additional evidence or argument); *Woodbury-Correa* v. *Reflexite Corp.*, 190 Conn. App. 623, 628–29, 212 A.3d 252 (2019) (if commissioner determines that employee's notice of claim is adequate on its face and that employer failed to comply with [General Statutes] § 31-294c, then motion to preclude must be granted).

[7] See, e.g., *Donahue* v. *Veridiem, Inc.*, 291 Conn. 537, 545–47, 970 A.2d 630 (2009).

[8] But see *Del Toro* v. *Stamford*, 270 Conn. 532, 543, 853 A.2d 95 (2004) (conclusive presumption does not prevent employer from contesting liability when issue of lack of subject matter jurisdiction has been presented squarely to commissioner).

[9] Resolution of this appeal was delayed pursuant to a bankruptcy stay, which was lifted on October 7, 2020.

[10] The defendant filed a motion to correct the factual findings of the commissioner pursuant to § 31-301-4 of the Regulations of Connecticut State Agencies, and, therefore, is not prohibited from challenging those findings before the board or this court. See, e.g., *DeJesus* v. *R.P.M. Enterprises, Inc.*, 204 Conn. App. 665, 686, 255 A.3d 885 (2021); *Melendez* v. *Fresh Start General Remodeling & Contracting, LLC*, 180 Conn. App. 355, 367–68, 183 A.3d 670 (2018).

[11] We emphasize that the power and duty for determining the facts and the conclusions drawn therefrom rests with the commissioner in a workers' compensation case. See *Orzech* v. *Giacco Oil Co.*, 208 Conn. App. 275, 281, A.3d (2021); see also *Marandino* v. *Prometheus Pharmacy*, 294 Conn. 564, 572, 986 A.2d 1023 (2010); *Six* v. *Thomas O'Connor & Co.*, 235 Conn. 790, 798, 669 A.2d 1214 (1996).

[12] "It is within the discretion of the commissioner alone to determine the credibility of witnesses and the weighing of the evidence. It is . . . immaterial that the facts permit the drawing of diverse inferences. The [commissioner] alone is charged with the duty of initially selecting the inference which seems most reasonable, and [the commissioner's choice], if otherwise sustainable, may not be disturbed by a reviewing court." (Internal quotation marks omitted.) *Ayna* v. *Graebel/CT Movers, Inc.*, 133 Conn. App. 65, 71, 33 A.3d 832, cert. denied, 304 Conn. 905, 38 A.3d 1201 (2012); see also *McFarland* v. *Dept. of Developmental Services*, 115 Conn. App. 306, 322, 971 A.2d 853, cert. denied, 293 Conn. 919, 979 A.2d 490 (2009).

[13] "[I]t is well settled that, because the purpose of the act is to compensate employees for injuries without fault by imposing a form of strict liability on employers, *to recover for an injury under the act a plaintiff must prove that the injury is causally connected to the employment. To establish a causal connection, a plaintiff must demonstrate that the claimed injury (1) arose out of the employment, and (2) in the course of the employment.* . . . Proof that [an] injury arose out of the employment relates to the time, place and circumstances of the injury. . . . Proof that [an] injury occurred in the course of the employment means that the injury must occur (a) within the period of the employment; (b) at a place the employee may reasonably be; and (c) while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it." (Emphasis added; internal quotation marks omitted.) *Sapko* v. *State*, 305 Conn. 360, 371–72, 44 A.3d 827 (2012); see also *Jones* v. *Connecticut Children's Medical Center Faculty Practice Plan*, supra, 131 Conn. App. 423.

[14] Our Supreme Court has "stated that [t]he fundamental distinction between an employee and an independent contractor depends upon the existence or nonexistence of the right to control the means and methods of work. . . . The test of the relationship is the right to control. It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent. . . . An employer-employee relationship does not depend upon the actual exercise of the right to control. The right to control is sufficient. . . . The decisive test is who has the right to direct what shall be done and when and how it shall be done? Who has the right of general control? . . . Under this test, we have stated that [a]n independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his or her employer, except as to the result of his work." (Citation omitted; internal quotation marks omitted.) *Standard Oil of Connecticut, Inc.* v. *Administrator, Unemployment Compensation Act*, 320 Conn. 611, 623, 134 A.3d 581 (2016).

In the present case, the board noted that the commissioner concluded, after a "thorough review of the facts and law" that the plaintiff was not

an independent contractor at the time of his claimed injury and that this conclusion was reasonable. Specifically, the board found that the defendant's decision to install time clocks and to establish policies as to the time, place, and manner that work was to be performed at her properties "clearly demonstrate[d] that she asserted the right to control the [plaintiff's] work, and he was no longer acting in an autonomous manner."

[15] General Statutes § 31-290c provides: "(a) Any person or his representative who makes or attempts to make any claim for benefits, receives or attempts to receive benefits, prevents or attempts to prevent the receipt of benefits or reduces or attempts to reduce the amount of benefits under this chapter based in whole or in part upon (1) the intentional misrepresentation of any material fact including, but not limited to, the existence, time, date, place, location, circumstances or symptoms of the claimed injury or illness or (2) the intentional nondisclosure of any material fact affecting such claim or the collection of such benefits, shall be guilty of a class C felony if the amount of benefits claimed or received, including but not limited to, the value of medical services, is less than two thousand dollars, or shall be guilty of a class B felony if the amount of such benefits exceeds two thousand dollars. Such person shall also be liable for treble damages in a civil proceeding under section 52-564.

"(b) Any person, including an employer, who intentionally aids, abets, assists, promotes or facilitates the making of, or the attempt to make, any claim for benefits or the receipt or attempted receipt of benefits under this chapter by another person in violation of subsection (a) of this section shall be liable for the same criminal and civil penalties as the person making or attempting to make the claim or receiving or attempting to receive the benefits."

[16] "[It] is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . We have determined, therefore, that the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . ." (Internal quotation marks omitted.) *Brocuglio* v. *Thompsonville Fire District #2*, 190 Conn. App. 718, 734, 212 A.3d 751 (2019); see also *Barker* v. *All Roofs by Dominic*, 336 Conn. 592, 598–99, 248 A.3d 650 (2020); see generally *Del Toro* v. *Stamford*, 270 Conn. 532, 539, 853 A.2d 95 (2004) (when workers' compensation appeal involves issue of statutory construction that had not yet been subjected to judicial scrutiny, appellate courts employ plenary review).